(August 11, 1986)

■ CAROL ARROYO et al., Appellants, v BRUCE MARLOW, Respondent. (And a Third-Party Action.)—In an action (1) for specific performance of a stipulation to repair certain premises so as to restore them to a habitable condition, (2) for an injunction prohibiting the defendant from conveying, leasing or encumbering the premises so as to defeat the plaintiffs' rights under the stipulation, and (3) to recover damages for intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated September 5, 1985, which denied their motion for partial summary judgment, granted the defendant's cross motion for summary judgment, and dismissed the complaint.

Order modified, on the law, by (1) deleting the provision thereof denying the plaintiffs' motion in its entirety and substituting therefor a provision granting the plaintiffs' motion to the extent that the defendant is found liable for damages for his failure to perform under the stipulation reached between the plaintiffs and the third-party defendants on February 23, 1981, and (2) deleting the provision thereof granting that branch of the defendant's cross motion which was for dismissal of the plaintiffs' second cause of action, and substituting therefor a provision denying that branch of the cross motion. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a hearing to assess the plaintiffs' damages resulting from the defendant's failure to perform under the terms of the aforementioned stipulation.

The facts involved in this matter are accurately stated in the decision by Special Term (see, *Arroyo v Marlow,* 128 Misc 2d 950). As was properly recognized by Special Term, the key issue in this action is whether the stipulation entered into between the third-party defendants and the plaintiffs on February 23, 1981, was a covenant running with the land, enforceable against the defendant who subsequently acquired the subject premises from the third-party defendants. The stipulation provided that the apartments which had been

occupied by each of the plaintiffs prior to a fire which occurred on or about December 31, 1980 would be restored to a habitable condition. It further provided that the agreement would "survive any sale of the premises".

A covenant runs with the land when (1) the parties intend it to run with the land, (2) it "touches and concerns" the land, and (3) there is privity of estate between the owner of the burdened property and the person who seeks to enforce the covenant *(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 255, *rearg denied* 278 NY 704; *Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 262). Special Term found that the element of privity of estate was lacking between the plaintiffs and the defendant because the plaintiffs, having abandoned their apartments and surrendered their leasehold rights, did not hold any interest in the subject premises at the time the stipulation was reached *(see, Arroyo v Marlow, supra,* at pp 955-958). We disagree.

After being forced to vacate their apartments due to the damage caused by the fire, the plaintiffs promptly moved to preserve their tenancy rights by bringing a Civil Court action to require the landlord to repair the premises so they could return. Under the stipulation, which repeatedly referred to the plaintiffs as "tenants", the subject premises were to be restored within 90 days. "[S]urrender" was only to occur if the tenants failed to reoccupy their apartments two weeks after the premises were restored and made available for them to reoccupy. The premises were never restored, and the plaintiffs never surrendered their rights, continuing to pursue them through this litigation. Further, we note that the fact the original owners had apparently served the plaintiffs with 30-day notices of termination more than 30 days before the stipulation was finally reached did not operate to actually terminate the tenancies of the plaintiffs, in view of the fact that they never commenced a summary proceeding to evict the plaintiffs and never obtained a warrant of eviction *(see,* Real Property Law § 232-a; RPAPL 749 [3]).

As we find that the record clearly establishes that the defendant acquired the subject premises with notice of the existence and content of the stipulation, we conclude that there was privity of estate between the plaintiffs and the defendant *(see, Orange & Rockland Utils. v Philwold Estates, supra,* at p 263). No serious question exists that the stipulation was intended to run with the land, and that it "touches and concerns" the land, and thus we hold that the stipulation was a covenant running with the land, enforceable against the

defendant *(see, Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra,* at p 255).

However, the specific performance and injunctive relief requested by the plaintiffs is not warranted under the circumstances of this case, where the plaintiffs Arroyo and Simon have a month-to-month tenancy, terminable on 30 days' notice, Turkel has a nine-month unexpired term on a one-year lease and the plaintiffs have been residing outside of the subject premises for over five years, and doing the restorative work required by the stipulation would impose a substantial burden upon the defendant *(cf. Goodfarb v Freedman,* 76 AD2d 565, 574). Finally, we note that the cause of action to recover damages for intentional infliction of emotional distress was properly dismissed as the plaintiffs have failed to establish a genuine issue of fact as to any of the elements of that tort *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). Thus, we hold that the plaintiffs' remedy should be limited to damages for breach of the stipulation, and we remit the matter to the Supreme Court, Kings County, to make a determination as to the amount of damages. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur. *[See,* 128 Misc 2d 950.]