In the Matter of JAMES CARRANO, Appellant, v JOSE CASTRO et al., Respondents. [844 NYS2d 435]—

In a holdover proceeding, the petitioner appeals, by permission, as limited by his brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated March 27, 2006 [12 Misc 3d 5], as (a) reversed a judgment of possession of the Civil Court of the City of New York, Kings County (Fiorella, Jr., J.), dated March 18, 2005, (b) vacated orders of the same court dated January 25, 2005, and March 18, 2005, which, inter alia, in effect, granted the petitioner's motion for summary judgment awarding him a final judgment of possession, dismissed the respondents' affirmative defenses, and denied that branch of the respondents' cross motion which was for summary judgment dismissing the petition, (c) denied the petitioner's motion for summary judgment, (d) granted that branch of the respondents' cross motion which was for summary judgment dismissing the petition, and (e) directed entry of a final judgment dismissing the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

In settlement of a prior holdover proceeding involving an apartment in premises originally owned by the former landlord, the respondents (hereinafter the tenants) and their former landlord entered into a so-ordered stipulation (hereinafter the stipulation) pursuant to which the former landlord agreed to give the tenants a new lease, as well as to accord them the same rights as those afforded to tenants protected by the rent stabilization law, including the right to lease renewals. The former landlord subsequently sold the premises to the petitioner.

After the sale, the petitioner renewed the tenants' lease for a two-year renewal term. When the renewal term expired, the petitioner did not offer the tenants a renewal lease in accordance with the terms of the stipulation, but instead commenced a holdover proceeding when the tenants did not surrender possession of the premises.

The Appellate Term properly reversed the final judgment of

possession and granted that branch of the tenants' cross motion which was for summary judgment dismissing the petition. Contrary to the petitioner's contention, when read as a whole, the stipulation relied upon by the tenants merely sought to confer upon them, by way of an express contract referring to the rent stabilization law, the same rights as those afforded tenants protected by the rent stabilization law. It did not seek, by contract, to evade or circumvent a mandatory rent regulation scheme (*see 546 W. 156th St. HDFC v Smalls*, 43 AD3d 7 [2007]).

There is also no merit to the petitioner's contention that he was not bound by the lease renewal provision of the stipulation since he was not a party to it and it did not contain language explicitly providing that it was to be binding on the successors to the former landlord and owner. The terms of the stipulation evidenced the intent of the parties to the agreement that the lease renewal provision run with the land, and the agreement touched and concerned the premises. Finally, the tenants' submissions established the privity of estate between the tenants and the petitioner (*see 328 Owners Corp. v 330 W. 86 Oaks Corp.*, 8 NY3d 372 [2007]; *Stasyszyn v Sutton E. Assoc.*, 161 AD2d 269, 271-272 [1990]; *Arroyo v Marlow*, 122 AD2d 821, 822 [1986]).

The petitioner's remaining contention need not be addressed in light of our determination. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.