■ Oxford Towers Co., LLC, Appellant-Respondent, v Claudia Wagner et al., Respondents-Appellants. [872 NYS2d 431]—

Order and judgment (one paper), Supreme Court, New York County (Leland G. DeGrasse, J.), entered July 16, 2007, which, insofar as appealed from, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, denied plaintiff's cross motion for summary judgment, and denied defendants' request for attorneys' fees, unanimously modified, on the law, to deny defendants' motion to dismiss the fourth cause of action (for use and occupancy) and to direct defendants, within 20 days of service of a copy of this order with notice of entry, to post a bond in the amount of $46,270.65 as security for their potential liability for past use and occupancy (at the rate of $3,084.71 per month during the 15-month period from May 1, 2006 to July 16, 2007) and, prospectively, to pay use and occupancy for months beginning after the date of this order at the rate of $3,084.71 per month, all without prejudice to the amount of use and occupancy that may ultimately be awarded, and otherwise affirmed, without costs.

The September 1995 agreement that plaintiff landlord seeks to rescind in this action commenced in May 2006 provides that "in the event that [the] Rent Stabilization law . . . becomes inapplicable to the apartment or the [defendants] Tenants, [plaintiff] . . . will nevertheless, at the expiration of each lease, offer [defendants] a two-year renewal lease at the rent increase permitted for a two-year renewal under the Rent Stabilization law," but in no event shall such increase be less than 5% or greater than 10% over the rent paid in the expiring lease. In 1999, the Division of Housing and Community Renewal granted plaintiff's petition for high income rent deregulation. Subsequently, starting in 2000, the parties entered into several two-year lease renewals that referred to the 1995 agreement. Plaintiff now challenges that agreement as "an effort to preclude in perpetuity the application of the then newly-enacted high rent/high income deregulation amendment to the Rent Stabilization Code."

We reject plaintiff's argument that the 1995 agreement is void ab initio as against public policy and that the six-year statute of limitations that would otherwise bar its rescission and related declaratory causes of action is therefore inapplicable. Unlike the cases cited by plaintiff (*Drucker v Mauro*, 30 AD3d 37 [2006], *appeal dismissed* 7 NY3d 844 [2006]; *Georgia Props., Inc. v Dalsimer*, 39 AD3d 332 [2007]), here the parties did not

deregulate the apartment by private agreement. Nor is the agreement void by reason of its offer of renewal leases and reference to the Rent Stabilization Law's rent increase guidelines (*see Matter of Carrano v Castro*, 44 AD3d 1038 [2007]).

Plaintiff's claim for use and occupancy, however, is not time-barred. Defendants have no right to continue to occupy the apartment rent-free (*see Levinson v 390 W. End Assoc., L.L.C.*, 22 AD3d 397, 403 [2005]). Under the last lease in effect between the parties, the rent was $3,084.71 per month. Defendants must continue to pay this amount pendente lite and also post a bond to cover past use and occupancy from May 1, 2006 (the date on which they stopped paying rent) through July 16, 2007 (the date on which the order appealed from was entered) (*see id.* at 402). Under the parties' 1995 agreement, the actual rent owed by defendants will be higher; the record, however, does not contain sufficient information to allow that calculation.

The motion court properly denied defendants' request for attorneys' fees. Paragraph 23 (D) (3) of the lease, on which defendants rely, provides that in the event the lease is cancelled, the landlord may re-rent the apartment, and any such new rent received "shall be used first to pay Landlord's expenses . . . [which] expenses include the costs of getting possession and re-renting the Apartment, including . . . reasonable legal fees." This is not the type of provision covered by Real Property Law § 234. Furthermore, the action arises out of the 1995 agreement, not the lease (*cf. Peck v Wolf*, 157 AD2d 535, 536 [1990], *lv denied* 75 NY2d 709 [1990]). Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.