[896 NYS2d 796]

Wassfam, LLC, et al., Appellants, v Ike Ude et al., Respondents.

Supreme Court, Appellate Term, First Department, December 29, 2009

### APPEARANCES OF COUNSEL

*Borah, Goldstein, Altschuler Nahins & Goidel, P.C.*, New York City, for appellants. *Green & Cohen, P.C.*, New York City, for respondents.

### OPINION OF THE COURT

Per Curiam.

Order, entered July 25, 2008, reversed, with $10 costs, and landlord's motion for summary judgment of possession is granted. Execution of the warrant of eviction shall be stayed for 30 days from service of a copy of this order, with notice of entry.

Petitioner landlord demonstrated its prima facie entitlement to summary judgment on the holdover petition, by establishing that the building premises were subject to stabilization coverage solely as a result of the predecessor owner's participation in the former J-51 tax abatement program (*see* Administrative Code of City of NY § 11-243) and that respondent Ude's tenancy began several years after the J-51 tax abatement expired (*see Ogando v Pamela Equities Corp.*, 44 AD3d 367 [2007]; *155 Wooster, LLC v Dalrymple*, 21 Misc 3d 138[A], 2008 NY Slip Op 52306[U] [2008]). In opposition, respondent failed to raise a triable issue. That the predecessor owner conditionally agreed to provide respondent with a rent-stabilized lease in settling a prior eviction proceeding brought in 2003 against the (then) record tenant did not serve to confer full stabilization protection upon respondent (*see 546 W. 156th St. HDFC v Smalls*, 43 AD3d 7 [2007]; *cf. Matter of Carrano v Castro*, 44 AD3d 1038 [2007]), at least in these circumstances, where the record before us contains no indication that respondent complied with the nonmonetary condition specified in the settlement stipulation and shows that the stipulating parties consistently treated respondent's tenancy as unregulated by entering into a series of unregulated lease and renewal agreements.

McKeon, P.J., Schoenfeld and Heitler, JJ., concur.