■ MADISON/FIFTH ASSOCIATES, LLC, Respondent-Appellant, v 1841-1843 OCEAN PARKWAY LLC et al., Appellants-Respondents. [904 NYS2d 68]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 26, 2010, which denied defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment awarding declaratory relief on its third cause of action and dismissing defendants' counterclaims, unanimously modified, on the law and the facts, to grant plaintiff's cross motion for summary judgment, it is declared that plaintiff effectively exercised its option to renew the subject lease through September 19, 2015, defendants' counterclaims are dismissed, and otherwise affirmed, with costs.

The record establishes that plaintiff tenant renewed its lease with defendant owners' predecessor before defendants bought the building; accordingly, no issues of fact exist regarding whether defendants are bound by the renewal (*see Matter of Carrano v Castro*, 44 AD3d 1038, 1040 [2007]; *Stasyszyn v Sutton E. Assoc.*, 161 AD2d 269 [1990]). Defendants' contention that plaintiff could not have renewed the lease because it was in violation of the lease at the time that defendants purchased the property is not supported by the record. Any violations that existed at the time that defendants purchased the premises and that were described in defendants' notice to cure were remedied by plaintiff. We reject defendants' position that the notice of renewal was contingent on the state of the premises at the exact expiration of the renewal period in 2005.

Finally, equitable considerations dictate that plaintiff should not forfeit its leasehold, since, despite defendants' contentions to the contrary, the record contains no evidence of plaintiff's unclean hands (*J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392 [1977]; *Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449, 452 [1971]). Therefore, summary judgment on plaintiff's third cause of action should have been granted. For the same reasons, defendants' counterclaims for, inter alia, ejectment should have been dismissed. Concur—Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ.