■ KATZ PARK AVENUE CORP. et al., Respondents, v BIANCA JAGGER, Appellant, et al., Defendants. [951 NYS2d 497]—

Appeal from order and judgment (one paper), Supreme Court, New York County (Howard G. Leventhal, Special Ref.), entered August 16, 2010, deemed an appeal from an amended order and judgment (one paper), same court and Special Referee, entered October 5, 2010, awarding plaintiffs $343,827.36 in attorneys' fees and $246,468 in fair market use and occupancy for the period March 1, 2005 through December 31, 2007, unanimously affirmed, without costs, with respect to the amount of the award and the award of fees incurred in making the attorneys' fee application, and otherwise unanimously dismissed, without costs.

We reject the contention that defendant's failure to appeal from the original order and judgment warrants dismissal of the entire appeal (see CPLR 5517, 2001, 5520 [c]). The subsequent sua sponte amendment by the Special Referee to vacate the order and judgment for which defendant had timely filed a notice of appeal contains no substantive change relevant to the issues on appeal. However, the issues defendant now seeks to raise

with respect to plaintiffs' *entitlement* to attorneys' fees and fair market rate, rather than last regulated rent use and occupancy, are precluded by the non-appealed prior order of Supreme Court (Doris Ling-Cohan, J.) and our dismissal of the appeal from the amendment of that order. In any event, defendant's arguments lack merit. Our decision in *Oxford Towers Co., LLC v Wagner* (58 AD3d 422 [1st Dept 2009]), relied upon by defendant, is distinguishable. In that case, we denied attorneys' fees where the agreement was not a lease and the landlord sought rescission of that agreement (*see Matter of Casamento v Juaregui*, 88 AD3d 345, 357-358 [2d Dept 2011]). Defendant never had a right to a regulated rent, so there is no basis for using that amount to determine use and occupancy (*see Weiden v 926 Park Ave. Corp.*, 154 AD2d 308 [1st Dept 1989]).

Plaintiffs were entitled to the fees they incurred in obtaining attorneys' fees (*see 1050 Tenants Corp. v Lapidus*, 52 AD3d 248 [1st Dept 2008]). The amounts awarded for attorneys' fees and for use and occupancy were substantially supported by the record and based on the Referee's credibility determinations. Furthermore, the Referee drew the appropriate adverse inference against defendant, who failed to testify or present any evidence despite being advised of the need to do so and despite several adjournments to facilitate her appearance before the Special Referee. We note that, upon our own review of the evidence submitted to support the fee award (*see Tige Real Estate Dev. Co. v Rankin-Smith*, 233 AD2d 227, 228 [1st Dept 1996]), we find no basis to disturb the determination. Concur—Tom, J.P., Mazzarelli, Saxe and Catterson, JJ.