■ BERNARD MARINELLO et al., Plaintiffs, and THERESA GEORGES et al., Respondents, v. RALPH AMENDOLA, Appellant.— In a negligence action to recover damages for personal injuries and loss of services, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, entered January 22, 1964, after trial upon a jury's verdict, as awarded damages to the plaintiffs, Theresa Georges and Paul Georges, of $10,500 and $1,500, respectively. Judgment, insofar as appealed from, reversed on the law and facts; action as between the plaintiffs, Theresa Georges and Paul Georges, and the defendant severed, and a new trial as between them granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, the said plaintiffs shall serve and file a written stipulation consenting to reduce to $5,000 and $750, respectively, the amounts of the verdict in their favor, and to the entry of an amended judgment accordingly; in which event the judgment, as so reduced and amended and insofar as appealed from, is affirmed, without costs. In our opinion, upon the facts disclosed by this record, the jury's verdict in favor of the said plaintiffs was excessive at least to the extent indicated. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ JOHN MORGAN, Individually and as Administrator of the Estate of FRANK MORGAN, Deceased, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.— In an action pursuant to section 167 of the Insurance Law, the plaintiff, John Morgan, individually and as administrator of the estate of his deceased father (originally a coplaintiff who died after service of the notice of appeal), appeals from a judgment of the Supreme Court, Suffolk County, entered April 4, 1960 after a jury trial, upon the court's oral decision at the close of the plaintiff's case, which dismissed the complaint. Judgment reversed on the law, with costs to plaintiff, and new trial granted. No questions of fact were considered. On a prior appeal by the defendant, this court reversed a judgment for the original plaintiffs and granted a new trial by reason of an error in the court's charge with respect to an insurance policy requirement that written notice of an accident be given to defendant (see 8 A D 2d 945). We also noted in our decision that the question of alleged written notice to defendant's agent should be further explored at the new trial. Implicit in our decision was the holding that there had been sufficient proof to support the jury's finding that defendant's agent had authority to bind the defendant and that he had in fact issued a valid binder. An examination of the records of the first and second trials discloses that the proof concerning the agent's authority and the issuance of a valid binder was substantially the same at both trials. Hence, our holding on the prior appeal established as the law of the case that plaintiff had shown prima facie that a valid binder had been issued. Apart from the foregoing, it is our opinion that the proof at the second trial made out a prima facie case and that the issues should have been submitted to the jury. This was so not only with respect to the agent's authority and the issuance of a valid binder, but also as to written notice of the accident. Under the circumstances, it was error to dismiss the complaint at the close of plaintiff's proof. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.