■ In the Matter of JOHN YETSKI. VILLAGE OF KINGS POINT, Appellant; KEVIN O'DONNELL et al., Respondents. — In a proceeding pursuant to CPL 190.25 (subd 4) for permission to inspect the Grand Jury minutes of the investigation of the death of John Yetski, petitioner appeals from an order of the County Court, Nassau County, dated April 1, 1980, which denied the application. Order affirmed, with $50 costs and disbursements to respondent O'Donnell. The decision of the County Court did not constitute an abuse of discretion (see *People v Di Napoli,* 27 NY2d 229). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ In the Matter of SANDRA LIPARI, Respondent, v JOHN LIPARI, Appellant. — Two orders of the Family Court, Richmond County, dated April 24, 1979, and December 21, 1979, affirmed, without costs or disbursements. No opinion. Appeal from a third order of the same court, dated February 15, 1980, dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.

■ In the Matter of the Estate of BLANCHE L. PARSONS, Deceased. DON L. PARSONS, Individually and as Executor of BLANCHE L. PARSONS, Deceased, Appellant; MARY R. CORREIA, as Conservator of BLANCHE L. PARSONS, Deceased, Respondent. — In a proceeding for judicial settlement of the final account of a conservator, the appeal is from an order of the Supreme Court, Westchester County, dated November 21, 1979, which denied appellant's motion to vacate a judgment of the same court dated May 11, 1979, which determined, *inter alia,* that the court had "jurisdiction of all of the issues." Order affirmed, with $50 costs and disbursements. The ground for appeal is that the Supreme Court lacked personal jurisdiction over appellant. As Special Term found, "The very issues raised herein were presented in appellant's brief to the Appellate Division" on a prior appeal. The judgment sought to be vacated on that appeal is affirmed by this court *(Matter of Parsons,* 72 AD2d 585). It is evident that appellant raised the same issue on the prior appeal that he now raises on this appeal. Thus, the doctrine of the law of the case bars relitigation and reconsideration of the merits of this issue (see *City of Long Beach v Seril Corp.,* 56 AD2d 574; *Stokes v County of Suffolk,* 63 AD2d 645). Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.

■ In the Matter of DARLENE R. In the Matter of WAYNE B. LITTLE FLOWER CHILDRENS SERVICE, Respondent; MARGARET K., Appellant. — In proceedings pursuant to article 6 of the Family Court Act to determine that Darlene R. and Wayne B., are permanently neglected children, the natural mother appeals from two orders (one as to each child) of the Family Court, Kings County, both dated September 12, 1979, which adjudged the children to be permanently neglected, terminated her parental rights and directed that the guardianship and custody of said children be granted to the petitioner. Orders affirmed, without costs or disbursements. On the record herein, the petitioner properly established, by a fair preponderance of the competent, material and relevant evidence (see Family Ct Act, §§ 622, 624), that there was a failure of the mother to plan for the future of the children, although physically and financially able to do so, and that the agency made diligent efforts to encourage and strengthen the parental relationship, until the efforts became detrimental to the best interests of the children (see Social Services Law, § 384-b, subd 7, par [a]). We have reviewed the appellants remaining contentions and find them to be without merit. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.