(August 29, 1988)

CAROLE A., Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendants the City of New York and the Board of Education of the City of New York appeal from a judgment of the Supreme Court, Queens County (Lerner, J.), dated July 14, 1986, which, upon a jury verdict, is in favor of plaintiff and against them in the principal sum of $700,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted of the plaintiff's claims against the appellants, with costs to abide the event.

During the course of a jury trial conducted in respect to the plaintiff's claim that the appellants undertook and subsequently breached a "special duty" to provide certain security measures for her safety in a school annex building, the appellants—by written requests to charge—requested that the jury be instructed with regard to the plaintiff's reliance upon the appellants' alleged assurances. The court, however, over the defense counsel's objection, declined to charge the jury on the issue of reliance, instead instructing the jury, in pertinent part, as follows: "If you find that Mr. Richman, the principal of the defendant's [sic] school, assured the plaintiff that the custodian would be on the floor where the plaintiff was situated at the time of the occurrence, and for whatever the reason he was not present, or was not capable of performing his custodial duties at that time, your verdict must be for the plaintiff[.] [T]he custodian's absence or incapacity was the proximate cause of the assault upon the plaintiff".

On appeal, the appellants argue, inter alia, that the court committed reversible error in declining to charge the jury with respect to the issue of the plaintiff's reliance upon the alleged assurances made by them. We agree.

Recently, in Cuffy v City of New York (69 NY2d 255, 261, mot to amend remittitur dismissed 70 NY2d 667), the Court of Appeals emphasized the importance of the reliance element in

a "special duty" case, by noting that "the injured party's reliance is as critical in establishing the existence of a 'special relationship' as is the municipality's voluntary affirmative undertaking of a duty to act". In light of the foregoing, the court's denial of the appellants' request to charge in respect to reliance precluded the jury from considering a key element of the plaintiff's cause of action (see, De Long v County of Erie, 60 NY2d 296, 306). We note, finally, that the court's charge not only omitted all reference to the plaintiff's reliance upon the appellants' alleged assurances, but also erroneously stated that a breach of those assurances for any reason was the proximate cause of the injuries sustained and entitled the plaintiff to recover as a matter of law. In light of the foregoing errors, the judgment must be reversed and a new trial granted.

While we fully share the concern of the dissenter for the plaintiff, and deplore the reprehensible assault to which she was subjected, we are nevertheless constrained by the directly applicable precedents of the Court of Appeals in respect to the issue of reliance (see, Cuffy v City of New York, supra; De Long v County of Erie, supra). Moreover, the dissenter's contention that the jury manifested "no * * * confusion" during its deliberations is not an answer to the the appellants' contention that the court erred in declining to charge the jury, as requested, with respect to reliance (see, De Long v County of Erie, supra, at 306).

We have reviewed the appellants' remaining contentions and find them to be without merit. Rubin, Kooper and Sullivan, JJ., concur.

Weinstein, J. P., dissents and votes to affirm the judgment appealed from, with the following memorandum: I cannot condone my colleagues' decision to reverse a judgment in the principal sum of $700,000 on behalf of a public school psychologist who was brutally raped and sodomized in the school annex building in which she maintained an office on the ground of certain alleged imperfections in the trial court's charge. In light of the unequivocal evidence of the promises made by the appellants' agents to provide the plaintiff with adequate protection and the negligent failure to carry out those promises, I am of the view that the plaintiff sufficiently established the existence of a special duty owed to her by the appellants, her reliance upon the appellants' assurances, and their breach of that duty. Consequently, I cannot join with the majority in voting for reversal.

The testimony of the school principal Henry Richman estab-

lished it was mandatory for the plaintiff to remain in her office until 4:00 P.M., an hour after the normal departure time for students and teachers. Richman conceded that the idea of intruders entering the main building or the annex where the plaintiff worked had been his concern. The plaintiff had discussed the matter of her security with Richman at the outset of her assignment to the school which commenced with the school year 1978-1979. After unsuccessfully attempting to procure office space for the plaintiff in the main building, the principal assured her that she was not really alone in the annex for the final hour of her working day inasmuch as the custodian or his assistant was on duty until 5:00 P.M. He further advised and assured the plaintiff that the custodian and/or his assistant had the responsibility for going through the annex to ascertain that everyone had left the premises, that the building would then be secured by the locking of all entrance doors at approximately 3:15 P.M., and that the custodian and/or his staff would remain in the annex with her. Richman made the additional representation that the custodian would be directed to work on the second floor of the annex in the vicinity of the plaintiff's office when she was there alone between 3:00 and 4:00 P.M. Richman also provided the plaintiff with a special lock which permitted her to secure her office door from within.

Shortly thereafter, the plaintiff expressed concern when she observed that the custodian was frequently absent or that he appeared to be intoxicated while on duty. After each complaint, the plaintiff was reassured by Richman, who in turn spoke with the custodian and his supervisor. Although Richman's investigation revealed that the intoxication complaints had merit, the custodian nevertheless remained in the appellants' employ.

The record contains evidence that on the afternoon of the attack upon the plaintiff, the custodian was either not present at all in the annex or, if present, he had failed to carry out his assigned duties there. As she was preparing to leave the annex for the day on January 7, 1980, the plaintiff was struck on the back of the head by an unknown assailant who dragged her into a nearby bathroom and brutally raped and sodomized her. Subsequent to the attack, the plaintiff did not resume her career as a school psychologist. She was compelled to undergo continuing psychiatric treatment and her condition was diagnosed as chronic posttraumatic stress disorder. In the opinion of the plaintiff's psychiatric expert, that disorder would be permanent in nature.

Viewed in the light most favorable to the plaintiff who has prevailed on the liability issue *(see, Cuffy v City of New York,* 69 NY2d 255, 258-259, *mot to amend remittitur dismissed* 70 NY2d 667; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 312, n 1, *rearg denied* 52 NY2d 784, 829), there was sufficient evidence for the jury to conclude that a special duty to act on the plaintiff's behalf had been breached by the appellants *(see, De Long v County of Erie,* 60 NY2d 296, 306). The record unequivocally reveals that the subject security measures were intended not for the benefit of the general public, since no one other than the plaintiff and the custodian and his assistant was authorized to be in the building at that time, but, rather, for the specific benefit and protection of the plaintiff. The plaintiff unequivocally testified that she relied upon the assurance given to her by both the principal and the custodian. This reliance was of a continuing nature in that, by remaining in the annex, the plaintiff relied upon both the original assurances and the subsequent representations concerning the precautions being taken to insure her safety. In essence, the majority has unreasonably chosen to penalize the plaintiff for relying on the subject assurances and remaining in her office in order to perform her job. The record clearly supports a finding of reliance. Just as the law does not penalize a worker who has been injured in the course of his or her employment while following the instructions of a superior and remaining within the confines of those instructions *(see, Broderick v Cauldwell-Wingate Co.,* 301 NY 182, 188), it is patently inequitable to penalize the plaintiff in the instant case for accepting the word of her school principal, a person whom she trusted.

The appellants' contention that the plaintiff could not have, as a matter of law, reasonably relied upon the custodian's presence by virtue of his repeated derelictions of duty and that, in any event, her reliance was not proximately related to the injuries sustained, is unpersuasive. Aside from terminating her employment, the plaintiff had no reasonable alternative to tolerating the potentially hazardous conditions created by her solitary occupation of the annex building between the hours of 3:00 and 4:00 P.M. Moreover, by consistently informing the principal that the custodian was not performing in conformity with the arrangements agreed upon by the parties, the plaintiff unequivocally displayed her reliance and did all she reasonably could to insure that the security measures devised for her protection would be implemented. In representing to the plaintiff that some type of remedial action would be taken with respect to the custodian's misfeasance,

the appellants actually encouraged the plaintiff to remain at her post in the potentially dangerous circumstances and thereby "forego other available avenues of protection" *(Cuffy v City of New York, supra,* at 261). Unlike the situation in *Cuffy,* where the municipal defendant was guilty of nonfeasance, the appellants at bar had undertaken to furnish protection, albeit negligently, and the essential elements of a special relationship, including reliance on the part of the plaintiff, were clearly present on the record. In contrast to such cases as *Vitale v City of New York* (60 NY2d 861, *rearg denied* 61 NY2d 759), *Isaksson v Rulffes* (135 AD2d 611) and *Ferrara v Board of Educ.* (116 AD2d 693), there was, in the instant case, ample evidence of safety measures designed specifically for the plaintiff's benefit and explicit promises made to her by the principal and the custodian upon which she relied. Under the circumstances, there is no merit whatsoever to the appellants' contention that the complaint should have been dismissed as a matter of law and the questions of whether the special duty owing to the plaintiff was breached and whether said breach was the proximate cause of her injuries were properly left for the jury *(see, Bloom v City of New York,* 123 AD2d 594).

I vehemently disagree with any suggestion that new trial is warranted by virtue of the trial court's refusal to grant the appellants' request to explicitly instruct the jury with respect to the element of reliance. The charge, when viewed in its entirety, adequately conveyed the appropriate legal standard to the jurors and there is no hint of any confusion on their part. In my view, the majority's assertion that the jurors were precluded from considering a key element of the plaintiff's cause of action belies the reality of the situation. To deny this plaintiff the damages properly awarded to her by the jury and to subject her to the rigors of a second trial is grossly unjust. To avoid such a result, I vote to affirm the judgment appealed from.