(January 28, 1991)

■ CAROLE A., Respondent, v CITY OF NEW YORK et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants The City of New York and the Board of Education of the City of New York appeal from a judgment of the Supreme Court, Queens County (Santucci, J.), dated April 24, 1989, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,075,000.

Ordered that the judgment is affirmed, with costs.

This appeal is from the judgment entered after the second trial in this action. The first trial, which was before Justice Lerner of the Supreme Court, Queens County, resulted in a judgment in favor of the plaintiff. This court reversed the judgment and granted a new trial by reason of certain errors in the charge with respect to the element of proximate cause and the failure to instruct the jury on the element of the plaintiff's reliance upon the defendants' alleged assurances concerning certain security measures undertaken on her behalf *(Carole A. v City of New York,* 143 AD2d 242). Notably,

we stated in our prior decision that we had reviewed the defendants' other contentions and found them to be without merit *(Carole A. v City of New York, supra,* at 243).

On the present appeal, the defendants contend that the complaint should be dismissed due to the plaintiff's failure to establish as a matter of law her reasonable reliance upon their assurances that security measures had been taken for her protection. Reasonable reliance was a critical element in establishing a special duty owed to the plaintiff by the defendants which would permit a finding of liability against them *(see, Cuffy v City of New York,* 69 NY2d 255, 260-261, *mot to amend remittitur dismissed* 70 NY2d 667).

Although the defendants recognize that this court previously rejected this identical issue on the prior appeal in this case, they urge us to reexamine our previous holding in light of "recent" Court of Appeals decisions on this issue.

Our prior determination implicitly held that the plaintiff had presented legally sufficient evidence to establish the existence of a special duty and the plaintiff's reasonable reliance upon the defendants' assurances *(see, Garcia v City of New York,* 104 AD2d 438, *affd* 65 NY2d 805; *Morgan v Travelers Ins. Co.,* 23 AD2d 797). Review of the records of the first and second trials reveals that the evidence adduced concerning the existence of a special duty and the breach of that duty was substantially the same at both trials. Therefore, our holding on the previous appeal established as the law of the case that the plaintiff had demonstrated prima facie the existence of a special duty and the breach thereof *(see, Garcia v City of New York, supra; Morgan v Travelers Ins. Co., supra).* No extraordinary circumstances have been demonstrated to warrant a departure from the law of the case and the reconsideration of these issues *(cf., Vanguard Tours v Town of Yorktown,* 102 AD2d 868; *Matter of Parsons,* 78 AD2d 876). The Court of Appeals cases upon which the defendants rely in urging a reexamination were all decided before our decision in the prior appeal and thus, do not warrant a contrary result.

At the second trial, the Trial Justice delivered appropriate instructions to the jury on the issues of reasonable reliance and proximate cause. The errors in the charge on these issues at the first trial were the only grounds for the reversal on appeal of the judgment entered after the first trial *(Carole A. v City of New York, supra).* We find legally sufficient evidence to support the jury's verdict finding the defendants liable for their failure to satisfy their special duty *(see, Cuffy v City of New York, supra).*

Finally, we find that the award of damages for the plaintiffs' loss of past and future earnings was not excessive. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.