■ US BANK, N.A., Respondent, v CLEMENT MORRISON, Also Known as CLEMENT A. MORRISON, et al., Appellants, et al., Defendants. [993 NYS2d 50]—

In an action to foreclose a mortgage, the defendants Clement Morrison, also known as Clement A. Morrison, and Vyanne McBean appeal from (1) an order of the Supreme Court, Queens

County (Butler, J.), dated June 19, 2012, which granted the plaintiff's motion for summary judgment on the complaint and for the appointment of a referee to compute the amounts due to it, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel a notice of pendency, and (2) an order of the same court dated March 25, 2013, which denied their motion for leave to renew and reargue their opposition to the plaintiff's motion for summary judgment on the complaint and for the appointment of a referee to compute the amounts due to it and their cross motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel a notice of pendency.

Ordered that the order dated June 19, 2012 is affirmed; and it is further,

Ordered that the appeal from so much of the order dated March 25, 2013 as denied that branch of the appellants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Indymac Bank, F.S.B. v Moise*, 107 AD3d 851, 852 [2013]); and it is further,

Ordered that the order dated March 25, 2013 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief" (*Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]; *see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *see HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d at 279; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). "The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing '[e]ither a written assignment of the underlying note or the physical delivery of the note' " (*Kondaur Capital Corp. v McCary*, 115 AD3d at 650, quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]).

Here, the plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating, among other things, an absence of triable issues of fact concerning its standing, and, in opposition, the appellants failed

to raise a triable issue of fact (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 629 [2014]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and for the appointment of a referee to compute the amounts due to it.

The Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel a notice of pendency, as they failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The Supreme Court also properly denied that branch of the appellants' subsequent motion which was for leave to renew that cross motion and their opposition to the plaintiff's motion for summary judgment on the complaint and for the appointment of a referee to compute the amounts due to it, as the appellants failed to demonstrate that the "new facts" would have changed the prior determination (CPLR 2221 [e] [2]; *see Courtview Owners Corp. v Courtview Holding B.V.*, 113 AD3d 722, 724 [2014]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.