■ US Bank, N.A., Respondent, v Clement Morrison, Also Known as Clement A. Morrison, et al., Appellants, et al., Defendants. [991 NYS2d 773]—

In an action to foreclose a mortgage, the defendants Clement Morrison, also known as Clement A. Morrison, and Vyanne McBean appeal from an order of the Supreme Court, Queens County (Butler, J.), dated September 27, 2011, which denied their motion pursuant to CPLR 3211 (a) to dismiss the

complaint insofar as asserted against them for lack of standing, and denied their separate motion for leave to renew and reargue their prior motion, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendant Vyanne McBean for lack of personal jurisdiction, which had been denied in an order of the same court dated July 1, 2011.

Ordered that the appeal from so much of the order dated September 27, 2011, as denied that branch of the appellants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Indymac Bank, F.S.B. v Moise*, 107 AD3d 851, 852 [2013]); and it is further,

Ordered that the order dated September 27, 2011 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied that branch of the appellants' motion which was for leave to renew their prior motion, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendant Vyanne McBean for lack of personal jurisdiction. Among other things, the appellants failed to demonstrate that the "new facts" would have changed the prior determination (CPLR 2221 [e] [2]; *see Courtview Owners Corp. v Courtview Holding B.V.*, 113 AD3d 722, 724 [2014]).

The Supreme Court also properly denied the appellants' separate motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them for lack of standing. The evidence the appellants submitted in support of this motion did not qualify as "documentary" within the meaning of CPLR 3211 (a) (1) (*see Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010]), and was insufficient to demonstrate that the issue of standing could be determined as a matter of law (*see* CPLR 3211 [a] [3]; *Deutsche Bank Natl. Trust Co. v Rivas*, 95 AD3d 1061, 1062 [2012]), or that the plaintiff's allegation that it had standing to commence this action was "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see* CPLR 3211 [a] [7]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.