■ MADISON ACQUISITION GROUP, LLC, Appellant, v 7614 FOURTH REAL ESTATE DEVELOPMENT, LLC, et al., Defendants, and MOUSA KHALIL, Respondent. [20 NYS3d 418]—

In an action to foreclose a mortgage, the plaintiff appeals, as

limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 27, 2014, as denied that branch of its motion which was pursuant to CPLR 3217 (b) to voluntarily discontinue the action insofar as asserted against the defendant Mousa Khalil, and granted that branch of the motion of the defendant Mousa Khalil which was pursuant to CPLR 5015 (a) to vacate an order of the same court dated October 7, 2011, and a judgment of foreclosure and sale of the same court dated January 17, 2012, each of which was entered upon his failure to answer the complaint.

Ordered that the order dated January 27, 2014, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Mousa Khalil which was to vacate the order dated October 7, 2011, and the judgment of foreclosure and sale, and substituting therefor a provision denying that branch of his motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007]). Here, the defendant Mousa Khalil made a prior motion to vacate the judgment of foreclosure and sale dated January 17, 2012, entered upon his failure to answer the complaint. On a prior appeal, this Court determined that the Supreme Court should not have granted that motion because Khalil failed to demonstrate a reasonable excuse for his default or a potentially meritorious defense, as required for vacatur pursuant to CPLR 5015 (a) (1) (*see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC*, 111 AD3d 800 [2013]). Although Khalil denominated his present motion as one seeking vacatur pursuant to CPLR 5015 (a) (3), the arguments he raised in support thereof were previously raised in support of his claim that he had a meritorious defense in connection with his prior motion to vacate the judgment of foreclosure and sale. Since this Court previously determined that these arguments are without merit, the doctrine of law of the case barred Khalil from relitigating these issues. Accordingly, the Supreme Court should have denied that branch of Khalil's present motion which was to vacate an order dated October 7, 2011, and the judgment of foreclosure and sale, each of which was entered upon his failure to answer the complaint.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of its motion which was pursuant to CPLR 3217 (b) to discontinue the action insofar as asserted

against Khalil. "In general, absent a showing of special circumstances . . . a motion for a voluntary discontinuance should be granted without prejudice" (*American Tr. Ins. Co. v Roberson*, 114 AD3d 821, 821 [2014]). However, where, as here, the matter has been submitted to the court, "the court may not order an action discontinued except upon the stipulation of all parties appearing in the action" (CPLR 3217 [b]). In this case, there was no stipulation from the parties. Thus, the court properly denied that branch of the plaintiff's motion which was for a voluntary discontinuance with respect to Khalil (*see Stone Mtn. Holdings, LLC v Spitzer*, 119 AD3d 548, 549 [2014]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.