US Bank, N.A. v Morrison (2018 NY Slip Op 02356)





US Bank, N.A. v Morrison


2018 NY Slip Op 02356


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04169
 (Index No. 30754/10)

[*1]US Bank, N.A., respondent, 
v
Clement Morrison, etc., et al., appellants, et al., defendants.


Clement Morrison, Springfield Gardens, NY, and Vyanne McBean, Springfield Gardens, NY, appellants pro se (one brief filed).
RAS Boriskin, LLC, Westbury, NY (Jason W. Creech of counsel), for respondent.



DECISION & ORDER
Appeal by the defendants Clement Morrison and Vyanne McBean from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 16, 2016. The order denied their motion, inter alia, pursuant to CPLR 5015(a), in effect, to vacate prior orders decided against them and to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in 2010 against Clement Morrison and Vyanne McBean (hereinafter together the defendants), among others, to foreclose a mortgage. In an order dated September 27, 2011, the Supreme Court denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of standing, and denied their separate motion for leave to renew and reargue their prior motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against McBean for lack of personal jurisdiction. Subsequently, in an order dated June 19, 2012, the court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, and denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 25, 2013, the court denied the defendants' motion for leave to renew and reargue. Thereafter, this Court, in a decision and order dated September 10, 2014, affirmed the order dated September 27, 2011, insofar as reviewed (see US Bank, N.A. v Morrison, 120 AD3d 1222), and in a separate decision and order, also dated September 10, 2014, affirmed the order dated June 19, 2012, and affirmed the order dated March 25, 2013, insofar as reviewed (see id.).
In December 2014, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 19, 2012. In an order entered April 8, 2015, the Supreme Court denied the motion on the ground that it was barred by the doctrine of law of the case. This Court, in a companion appeal, is affirming the order entered April 8, 2015 (see US Bank, N.A. v Morrison, _____ AD3d _____ [Appellate Division Docket No. 2015-06578; decided herewith]). Subsequently, in an order dated October 6, 2015, the Supreme Court denied that branch of the defendant's motion which was for recusal. This Court, in another companion appeal, is affirming that order insofar as appealed from (see US Bank v Morrison, _____ AD3d _____ [Appellate Division Docket No. 2015-12250; decided herewith]).
In August 2015, the defendants moved, inter alia, pursuant to CPLR 5015(a), in effect, to vacate the prior orders decided against them and to dismiss the complaint insofar as asserted against them. In an order entered February 16, 2016, the Supreme Court denied the motion. [*2]The defendants appeal, and we affirm.
Contrary to the plaintiff's contention, the record is adequate to enable this Court to render an informed decision on the merits (cf. Block 6222 Constr. Corp. v Sobhani, 84 AD3d 1292).
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d 683, 684; Quinn v Hillside Dev. Corp., 21 AD3d 406, 407). Therefore, review of the defendants' contentions relating to the plaintiff's alleged lack of standing and the alleged lack of personal jurisdiction over McBean is barred by the doctrine of law of the case, as this Court has already decided these exact issues on prior appeals (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d at 684; Matter of Fulmer v Buxenbaum, 109 AD3d 822, 823). Moreover, the defendants did not demonstrate any extraordinary circumstances warranting a departure from the prior determination on these issues (see Quinn v Hillside Dev. Corp., 21 AD3d at 407; Carole A. v City of New York, 169 AD2d 800, 801).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court