US Bank, N.A. v Morrison (2018 NY Slip Op 02354)





US Bank, N.A. v Morrison


2018 NY Slip Op 02354


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-06578
 (Index No. 30754/10)

[*1]US Bank, N.A., respondent, 
v
Clement Morrison, etc., et al., appellants, et al., defendants.


Clement Morrison, Springfield Gardens, NY, and Vyanne McBean, Springfield Gardens, NY, appellants pro se (one brief filed).
RAS Boriskin, LLC, Westbury, NY (Jason W. Creech of counsel), for respondent.



DECISION & ORDER
Appeal by the defendants Clement Morrison and Vyanne McBean from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered April 8, 2015. The order denied their motion, inter alia, pursuant to CPLR 5015(a) to vacate an order of the same court dated June 19, 2012, which granted the plaintiff's motion, among other things, for summary judgment on the complaint and for the appointment of a referee to compute the amounts due to it, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered April 8, 2015, is affirmed, with costs.
The plaintiff commenced this action in 2010 against Clement Morrison and Vyanne McBean (hereinafter together the defendants), among others, to foreclose a mortgage. In an order dated June 19, 2012, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, and denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Subsequently, in an order dated March 25, 2013, the court denied the defendants' motion for leave to renew and reargue. Thereafter, by decision and order dated September 10, 2014, this Court affirmed the order dated June 19, 2012, and affirmed the order dated March 25, 2013, insofar as reviewed (see US Bank, N.A. v Morrison, 120 AD3d 1223).
In December 2014, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 19, 2012, arguing, among other things, that the plaintiff lacked standing to maintain this foreclosure action. In the order appealed from, the Supreme Court denied the motion on the ground that it was barred by the doctrine of the law of the case. The defendants appeal.
There is no merit to the plaintiff's contention that the defendants failed to assemble a sufficient record for this Court to reach an informed decision on the merits and provide meaningful appellate review of the order appealed from (see Baumann v Hanover Community Bank, 100 AD3d 814, 815).
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d 683, 684; Quinn v Hillside Dev. Corp., 21 AD3d 406, [*2]407). In the decision and order dated September 10, 2014, which, inter alia, affirmed the order dated June 19, 2012, this Court determined that the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating, among other things, an absence of triable issues of fact concerning its standing, and that, in opposition, the defendants failed to raise a triable issue of fact (see US Bank, N.A. v Morrison, 120 AD3d at 1224-1225). Therefore, review of the defendants' contentions relating to the plaintiff's alleged lack of standing to maintain this foreclosure action is barred by the doctrine of law of the case, as this Court has already decided this exact issue on a prior appeal (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d at 684; Matter of Fulmer v Buxenbaum, 109 AD3d 822, 823). Moreover, the defendants did not demonstrate any extraordinary circumstances warranting a departure from the prior determination on this issue (see Quinn v Hillside Dev. Corp., 21 AD3d at 407; Carole A. v City of New York, 169 AD2d 800, 801).
The defendants' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied the defendants' motion, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 19, 2012.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court