Matter of Johnson v Lomax (2023 NY Slip Op 01675)

Matter of Johnson v Lomax

2023 NY Slip Op 01675

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-03569
 (Docket No. O-6253-20)

[*1]In the Matter of Edward B. Johnson, Jr., appellant,
v
Cheryl Lomax, respondent.

Arza Rayches Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated April 26, 2021. The order vacated a temporary order of protection dated June 30, 2020, and directed that the petition was withdrawn.
ORDERED that the appeal from so much of the order as vacated the temporary order of protection is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
In June 2020, the petitioner commenced this family offense proceeding against the respondent, his sister, alleging that she committed various family offenses. The Family Court issued a temporary order of protection dated June 30, 2020, in favor of the petitioner and against the respondent. A hearing was held on April 16, 2021, and at the conclusion of the hearing, the court found that the petitioner established, by a preponderance of the evidence, that the respondent committed a family offense. Thereafter, in an order dated April 26, 2021, the court vacated the temporary order of protection and directed that the petition was withdrawn. The petitioner appeals.
The appeal from so much of the order as vacated the temporary order of protection must be dismissed as academic, as the temporary order of protection expired by its terms on June 30, 2021.
As the petitioner contends, the Family Court erred in directing that the petition was hereby withdrawn. Where, as here, the matter has been submitted to the court, "the court may not order an action discontinued except upon the stipulation of all parties appearing in the action" (CPLR 3217[b]). In this case, there was no stipulation from the parties. Thus, the court erred in directing that the petition was withdrawn (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d 683, 685).
Accordingly, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court