■ VANGUARD TOURS, INC., Respondent, v TOWN OF YORKTOWN, Appellant. — In an action, *inter alia,* to recover damages for injury to property, defendant appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered November 17, 1982, which, after a nonjury trial, awarded plaintiff damages in the principal sum of $17,600. ¶ Judgment affirmed, with costs. ¶ This is an appeal from a judgment after the second trial in this action, which took place upon remittitur pursuant to the decision of this court on a prior appeal after the original trial of the action (see *Vanguard Tours v Town of Yorktown,* 83 AD2d 866). In that decision, this court reversed the judgment after the first trial before Justice Marbach of the Supreme Court, Westchester County, and concluded that plaintiff could not maintain a cause of action against the defendant municipality for damages sustained as a result of the failure to install a proper drainage system at the intersection bordering the parking lot in question. This court remitted the matter to the Supreme Court, Westchester County, for further proceedings to determine the amount of the damages attributable to defendant's failure to maintain the crown that it had installed on Front Street. The decretal paragraph of that decision stated, "The findings of fact with respect to defendant's liability are affirmed" (*Vanguard Tours v Town of Yorktown, supra*). ¶ Justice Daronco correctly construed that decision as limiting the issue to be determined at the second trial to the damages attributable solely to the failure of defendant to maintain the crown on Front Street, as opposed to the failure to install proper drainage facilities. By affirming the findings of fact of Justice Marbach after the first trial as to the liability of the defendant municipality for the water damage to plaintiff's parking lot, this court adopted his implicit conclusion that defendant was responsible for all of the damages sustained by plaintiff. This court's decision as to defendant's liability constituted the law of the case which was binding upon Justice Daronco at the second trial of the action, and is binding upon this court in the absence of a showing of extraordinary circumstances (see *Martin v City of Cohoes,* 37 NY2d 162, 165; *Foley v Roche,* 86 AD2d 887, mot for lv to app den 56 NY2d 507; *Matter of Yeampierre v Gutman,* 57 AD2d 898; *Politi v Irumar Realty Corp.,* 13 AD2d 469). ¶ This is not one of those extraordinary circumstances which would warrant a departure from the doctrine of law of the case to re-examine the extent to which the damage to plaintiff's parking lot was attributable to causes other than the omissions of the defendant (see *Foley v Roche, supra; Matter of Yeampierre v Gutman, supra).* ¶ Moreover, we conclude that the award of damages in the amount of $17,600 by Justice Daronco after the second trial represents a fair and reasonable calculation of the damages to plaintiff's parking lot attributable to failure of the defendant municipality to maintain the crown on Front Street. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.