■ In the Matter of OAK STREET MANAGEMENT, INC. GERALD N. JACOBOWITZ et al., Respondents; ARTHUR F. CONCORS et al., Appellants. [799 NYS2d 556]—

In a proceeding for judicial dissolution of a corporation pursuant to Business Corporation Law § 1104, Arthur F. Concors, Joyce B. Concors, Leslie Concors, and Bruce Concors appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated January 13, 2004, as upon remittitur from this Court, appointed a receiver to sell the corporation's property at a public sale and directed them to provide certain documents to the receiver.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is the second appeal resulting from litigation involving the dissolution of Oak Street Management, Inc. (hereinafter the corporation). In the decision and order determining the prior appeal (*see Matter of Oak St. Mgt.*, 307 AD2d 320 [2003]), this Court reversed an order of the Supreme Court appointing a referee, inter alia, to appraise the corporation's properties. On that appeal, this Court determined, among other things, that no appraisal was warranted as "[a]bsent an agreement between the parties to sell the shares of the corporation to each other or to an outside buyer, the only authorized disposition of corporate assets is liquidation at a public sale" (*Matter of Oak St. Mgt., supra* at 320). Upon remittitur, the Supreme Court, inter alia, appointed a receiver to liquidate the corporation's property at a public sale. The appellants, as owners of 50% of the corporation's outstanding shares, argue on this appeal that a public sale was not required.

The Supreme Court's appointment of the receiver to liquidate the corporation's property at a public sale was proper. Our prior resolution of this issue constitutes the law of the case and the appellants failed to show any basis for changing our prior determination (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Mooney v PCM Dev. Co.*, 253 AD2d 454 [1998]).

The appellants' remaining contention is without merit. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.