■ PATRICK QUINN, Plaintiff, v HILLSIDE DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Appellant. COUNTY CENTER ROOFING CO., INC., Third-Party Defendant-Respondent. [800 NYS2d 206]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Hillside Development Corp., appeals, as limited by its letter dated December 10, 2004, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered May 25, 2004, as denied its cross motion for summary judgment on the issue of liability against the third-party defendant County Center Roofing Co., Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when a ladder slipped out from under him while he was descending from the roof of a building owned by the defendant and third-party plaintiff, Hillside Development Corp. (hereinafter Hillside). He commenced this action against Hillside to recover damages for personal injuries. Hillside commenced a third-party action against County Center Roofing Co., Inc. (hereinafter CC Roofing). Hillside alleged that it was being held vicariously liable for the negligence of CC Roofing, which provided the ladder, and sought indemnity.

The Supreme Court properly denied Hillside's cross motion for summary judgment on the issue of liability against CC Roofing. On a prior appeal, upon reviewing the denial of CC Roofing's motion for summary judgment, this Court found that there was a triable issue of fact on whether the plaintiff was an employee of CC Roofing on the date of the accident (*see Quinn v Hillside Dev. Corp.*, 309 AD2d 794, 795 [2003]). Since Hillside's cross motion, which is the subject of this appeal, was based on the same arguments and facts Hillside raised in opposition to CC Roofing's prior motion, this Court's prior determination constitutes the law of the case on this issue (*see Johnson v Incorporated Vil. of Freeport*, 288 AD2d 269 [2001]; *Matter of Parsons*, 78 AD2d 876 [1980]). Moreover, Hillside did not demonstrate extraordinary circumstances warranting a departure from the earlier determination on this issue (*see Carole A. v City of New York*, 169 AD2d 800, 801 [1991]; *Vanguard Tours v Town of Yorktown*, 102 AD2d 868 [1984]; cf. *Persaud v City of New York*, 307 AD2d 346, 347 [2003]).

Under the circumstances, it is unnecessary for us to revisit the substantive arguments of the parties concerning the employment status issue (*see Matter of Parsons, supra*). S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.