CAROL T. SEAMAN, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER, INC., Respondent. JOSEPH R. GAGLIANO, JR., et al., Nonparty Appellants. [806 NYS2d 888]—

In an action to recover damages for violation of Labor Law § 740, the plaintiff and the nonparties Joseph R. Gagliano, Jr., Law Firm of Joseph R. Gagliano, Jr., Andrew P. Karamouzis, and Moran & D'Arcambal, appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered April 1, 2005, which, after hearings, granted those branches of the defendant's oral application which were pursuant to CPLR 3103 for a protective order, and pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff's attorneys, by directing the nonparty Law Firm of Joseph R. Gagliano, Jr., and Moran & D'Arcambal to pay the costs of the defendant's application, including, inter alia, an attorney's fee, and imposed a sanction upon Joseph R. Gagliano, Jr., in the sum of $5,000, and a sanction upon Andrew Karamouzis in the sum of $2,500, with the sanctions to be paid to the Lawyer's Fund for Client Protection.

Ordered that on the Court's own motion, the appeal by the plaintiff from so much of the order as, after hearings, granted that branch of the defendant's oral application which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff's attorney is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the appeal by the nonparties Joseph R. Gagliano, Jr., Law Firm of Joseph R. Gagliano, Jr., Andrew P. Karamouzis, and Moran & D'Arcambal, from so much of the order as, after hearings, granted that branch of the defendant's oral application which was pursuant to CPLR 3103 for a protective order is dismissed, as they are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal of the plaintiff from so much of the order as granted that branch of the defendant's oral application which was pursuant to CPLR 3103 for a protective order is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [a] [3]); and it is further,

Ordered that on the Court's own motion, the notice of appeal of the nonparties Joseph R. Gagliano, Jr., Law Firm of Joseph R. Gagliano, Jr., Andrew P. Karamouzis, and Moran &

D'Arcambal, from so much of the order as, after hearings, granted that branch of the defendant's oral application which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff's attorneys is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [a] [3]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Trial courts have "broad power to regulate discovery to prevent abuse" (*Barouh Eaton Allen Corp. v International Bus. Machs. Corp.*, 76 AD2d 873, 874 [1980]). "When the disclosure process is used to harass or unduly burden a party, a protective order eliminating that abuse is necessary and proper" (*id.*). Courts are empowered to limit press and public access to court proceedings to maintain order and decorum and to protect the rights of parties and witnesses (see *Matter of Gannett Co. v De Pasquale*, 43 NY2d 370 [1977], *affd* 443 US 368 [1979]; *People v Jelke*, 308 NY 56 [1954]; *Matter of Westchester Rockland Newspapers v Marbach*, 66 AD2d 335 [1979]). Under the particular facts of this case, the Supreme Court providently exercised its discretion in issuing the subject protective order.

Furthermore, under the circumstances presented, the Supreme Court providently exercised its discretion in granting that branch of the defendant's oral application which was to impose sanctions upon the plaintiff's attorneys pursuant to 22 NYCRR 130-1.1 (see *Clark v J.R.D. Mgt. Corp.*, 248 AD2d 581 [1998]). H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur. [*See* 8 Misc 3d 628 (2005).]