■ PETER PEKICH, Doing Business as MEDCOR HOLDING Co., Respondent, v JAMES E. LAWRENCE, INC., et al., Defendants. SAFFRON GARDENS, LTD., Nonparty Appellant. [832 NYS2d 259]—

In an action to foreclose a tax lien, Saffron Gardens, Ltd., appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered May 8, 2006, which granted the plaintiff's motion to hold it in default of the terms of sale and memorandum of purchase and direct the forfeiture of its down payment.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

The nonparty appellant, Saffron Gardens, Ltd. (hereinafter Saffron), was the successful bidder on real property being sold at a tax lien foreclosure sale. The plaintiff seller moved to hold Saffron in default of the terms of sale and memorandum of purchase and direct a forfeiture of its down payment. The Supreme Court granted the motion. We reverse, however, because the record does not reflect that the plaintiff made a demand for performance sufficient to cause Saffron to be in default (*see Guippone v Gaias*, 13 AD3d 339 [2004]; *Cave v Kollar*, 296 AD2d 370 [2002]; *D'Abreau v Smith*, 240 AD2d 616 [1997]). We note that the plaintiff may seek the same relief based upon a sufficient demand.

On appeal, the plaintiff argues that Saffron, in effect, engaged in an anticipatory breach of the terms of sale and memorandum of purchase. However, this argument was not made before the Supreme Court and, therefore, is not properly before this Court on appeal (*see Levy v Grandone*, 14 AD3d 660 [2005]). Further, the argument does not present an issue of law which could not have been avoided if raised at the proper juncture. Thus, it may not be reached for the first time on appeal (*see Sprain Brook Manor Nursing Home v Glazer*, 6 AD3d 522 [2004]).

Saffron's arguments concerning alleged defects in the title to the subject property were raised and decided against Saffron on a prior appeal in this case (*see Matter of Foreclosure of Tax Lien Certificate No. 1878*, 35 AD3d 604 [2006]). Therefore, consideration of the same on this appeal is barred by the doctrine of the law of the case (*see Matter of Independence Party State Comm. of State of N.Y. v Berman*, 28 AD3d 556 [2006]; *Quinn v Hillside Dev. Corp.*, 21 AD3d 406 [2005]). Saffron did not demonstrate extraordinary circumstances warranting a departure from the earlier determination on this issue (*see Quinn v Hillside Dev. Corp., supra*).

Saffron's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.