■ J-MAR SERVICE CENTER, INC., et al., Appellants, v MAHONEY, CONNOR & HUSSEY et al., Defendants, and DONAL M. MAHONEY et al., Respondents. [847 NYS2d 130]—

In an action to recover damages for breach of contract and legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered April 19, 2006, as granted the separate motions of the defendants Donal M. Mahoney and Brian M. Hussey, Peter T. Connor, and Dennis Connor to dismiss the cause of action to recover damages for legal malpractice insofar as asserted against them on the ground of collateral estoppel.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants Donal M. Mahoney and Brian M. Hussey, Peter T. Connor, and Dennis Connor to dismiss the cause of action to recover damages for legal malpractice insofar as asserted against them are denied.

An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court (see Quinn v Hillside Dev. Corp., 21 AD3d 406, 407 [2005]; Matter of Oak St. Mgt., Inc., 20 AD3d 571 [2005]; Johnson v Incorporated Vil. of Freeport, 288 AD2d 269 [2001]; Mooney v PCM Dev. Co., 253 AD2d 454, 455 [1998]; Shroid Constr. v Dattoma, 250 AD2d 590 [1998]). ''[T]he 'law of the case' operates to foreclose reexamination of [the] question absent a showing of subsequent evidence or change of law'' (Matter of Yeampierre v Gutman, 57 AD2d 898, 899 [1977]; see Lipovsky v Lipovsky, 271 AD2d 658, 658 [2000]; McIvor v Di Benedetto, 121 AD2d 519, 522 [1986]).

On a prior appeal, upon reviewing the denial of various motions by the respondents to dismiss this action to recover damages for legal malpractice, this Court found that they had failed to meet their burden of demonstrating ''that the plaintiffs were

unable to prove at least one of the essential elements of a cause of action to recover damages for legal malpractice" (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 14 AD3d 482, 483 [2005]). We further found, inter alia, that the respondents' remaining contentions, which included their argument that the cause of action to recover damages for legal malpractice was barred by the doctrine of collateral estoppel, were without merit. This Court's determination of these issues on the prior appeal constituted the law of the case, which was binding upon the Supreme Court, "and is binding upon this court in the absence of a showing of extraordinary circumstances" (*Vanguard Tours v Town of Yorktown*, 102 AD2d 868 [1984]; *see Pekich v James E. Lawrence, Inc.*, 38 AD3d 632, 633 [2007]).

Contrary to the determination of the Supreme Court, *Rosenkrantz v Harriet M. Steinberg, P.C.* (13 AD3d 88 [2004]) is inapplicable to this case because neither the trial court, nor this Court on appeal, ever reached the merits of the underlying action (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 14 AD3d 482, 483 [2005]).

Additionally, contrary to the contention of Mahoney and Hussey, they did not submit new evidence that would warrant a departure from our earlier determination that the respondents had failed "to demonstrate that the plaintiffs were unable to prove at least one of the essential elements of a cause of action to recover damages for legal malpractice" (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 14 AD3d 482, 483 [2005]). Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.