■ CAROL T. SEAMAN, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER, INC., Respondent, JOSEPH R. GAGLIANO, JR., et al., Nonparty Appellants. [857 NYS2d 500]—In an action to recover damages for violation of Labor Law § 740, the plaintiff and the nonparties Joseph R. Gagliano, Jr., Law Firm of Joseph R. Gagliano, Jr., Andrew P. Karamouzis, and Moran & d'Arcambal, appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered March 27, 2006, which, after a hearing, directed the nonparties to pay the defendant an attorney's fee in the sum of $17,985.

Ordered that on the Court's own motion, the appeal by the plaintiff is dismissed, as the plaintiff is not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the nonparties; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In an order entered April 1, 2005, inter alia, the Supreme Court granted that branch of the defendant's oral application pursuant to 22 NYCRR 130-1.1 which was to impose a sanction against the nonparty attorneys (hereinafter the appellants). That order was affirmed by this Court (see Seaman v Wyckoff Hgts. Med. Ctr., Inc., 25 AD3d 598 [2006]). This Court's determination in the first appeal that sanctions are appropriate constitutes the law of the case, which is binding on the Supreme Court and on this Court (see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809 [2007]; Fellin v Sahgal, 35 AD3d 800, 802 [2006]; Quinn v Hillside Dev. Corp., 21 AD3d 406, 407 [2005]; Matter of Oak St. Mgt., Inc., 20 AD3d 571 [2005]). The appellants assert no basis for deviating from that determination (see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809-810; Quinn v Hillside Dev. Corp., 21 AD3d at 407; Carole A. v City of New York, 169 AD2d 800, 801 [1991]; Vanguard Tours v Town of Yorktown, 102 AD2d 868 [1984]).

The appellants' remaining contentions are without merit. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.