■ SEA TRADE MARITIME CORP., Appellant, v HELLENIC MUTUAL WAR RISKS ASSOCIATION (BERMUDA) LTD. et al., Respondents, et al., Defendants. GEORGE CHRISTY PETERS, Additional Appellant. (And a Third-Party Action.) [914 NYS2d 27]—

Judgment, Supreme Court, New York County (Eileen Bran-

sten, J.), entered June 9, 2009, recognizing and enforcing London arbitration awards and a London consent judgment in favor of defendant Hellenic Mutual War Risks Association (Bermuda) Ltd. totaling $945,072.60, plus interest and costs, denying plaintiff's claims seeking to recover under a war risk insurance policy and dismissing its complaint, unanimously affirmed, with costs.

Plaintiff challenges the enforcement of an arbitration award, arguing that it was error to compel it to proceed to arbitration in London because the provision for the arbitration of disputes contained in the parties' contract for insurance is unenforceable. That issue was expressly decided adversely to plaintiff by this Court (7 AD3d 289 [2004], *lv dismissed* 3 NY3d 766 [2004]). " 'An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law' " (*Kenney v City of New York*, 74 AD3d 630, 630-631 [2010], quoting *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007]; *see Martin v City of Cohoes*, 37 NY2d 162 [1975]).

Plaintiff has failed to establish either part of the test we reiterated in *Kenney*. Thus, we conclude that the Supreme Court properly recognized and enforced the arbitration award and consent judgment at issue. We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Richter and Abdus-Salaam, JJ.