Marc Castaldi and 24 Franklin Ave. R.E. Corp. (hereinafter together the property owners) commenced this hybrid proceeding pursuant to CPLR article 78 and action for a judgment against Thomas Heaship, Alice Aurutick, Anthony Spano, Raymond A. Kraus, Nonie Reich, Marshall Donat, Mark Rinaldi, Stephen Malfitano, Joseph Cannella, Robert Paladino, Thomas Scappaticci, Pat Vetere, Stephen Malfitano, and Robert W. Fitzsimmons (hereinafter collectively the appellants), inter alia, declaring invalid Local Law No. 4 (2007) of the Town/Village of Harrison (hereinafter LL No. 4). Thereafter, the Supreme Court utilized a summary procedure to determine the merits of the causes of action which sought a judgment declaring that LL No. 4 was not adopted in accordance with the relevant comprehensive plan, that it was not adopted in accordance with the State Environmental Quality Review Act (ECL article 8; hereinafter SEQRA), that it was not adopted in accordance with the requirements of General Municipal Law § 239-m, and that it was not adopted in accordance with the notice requirements of Town Law § 264.
The Supreme Court awarded the property owners judgment, in effect, declaring that LL No. 4 is invalid on the grounds that it constitutes impermissible spot zoning and was not adopted in accordance with the relevant comprehensive plan. The judgment also, inter alia, dismissed the CPLR article 78 petition on *1035 the ground that the property owners failed to exhaust their administrative remedies and because the determination of which they sought review was advisory and therefore not subject to article 78 review.
The appellants appealed from so much of the judgment as, in effect, declared that LL No. 4 is invalid on the grounds that it constitutes impermissible spot zoning and was not adopted in accordance with the relevant comprehensive plan. The appellants’ appeal was limited, as they did not seek review of those portions of the judgment which dismissed the CPLR article 78 petition.
This Court reversed the judgment insofar as appealed from, concluding that “the causes of action seeking a judgment declaring that LL No. 4 is invalid are properly deemed causes of action for a declaratory judgment, rather than for relief pursuant to CPLR article 78” and that “the Supreme Court erred in issuing a judgment declaring that LL No. 4 is invalid by using a summary procedure that pertains only to CPLR article 78 proceedings” (Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 980-981 [2010]). Accordingly, this Court remitted the matter to the Supreme Court, Westchester County, “for further proceedings on the causes of action for a declaratory judgment, in which those causes of action shall be treated as if they had been asserted in a plenary action” (id. at 981). That decision and order remitted to the Supreme Court all of the property owners’ declaratory judgment causes of action which had been determined on the merits by the Supreme Court utilizing the improper summary procedure, to wit, the causes of action which sought a judgment declaring that LL No. 4 was not adopted in accordance with the relevant comprehensive plan, was not adopted in accordance with SEQRA, was not adopted in accordance with the requirements of General Municipal Law § 239-m, and was not adopted in accordance with the notice requirements of Town Law § 264.
On remittal, the Supreme Court erred in granting that branch of the property owners’ motion which, in effect, sought to vacate the eighth demand of the appellants’ demand for a verified bill of particulars which pertained to the property owners’ cause of action for a judgment declaring invalid LL No. 4 on the grounds that it was not adopted in accordance with SEQRA. Since this Court reversed the judgment insofar as appealed from and remitted to the Supreme Court the causes of action which sought a judgment declaring that LL No. 4 was not adopted in accordance with the relevant comprehensive plan, was not adopted in accordance with SEQRA, was not adopted in accord *1036 anee with the requirements of General Municipal Law § 239-m, and was not adopted in accordance with the notice requirements of Town Law § 264, the Supreme Court erred in finding that the appellants were not entitled to particulars as to the property owners’ cause of action for a judgment declaring LL No. 4 invalid based on the appellants’ alleged failure to comply with SEQRA requirements (see CPLR 3101 [a]).
Furthermore, an “appellate court’s resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court” (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [2007]; see Quinn v Hillside Dev. Corp., 21 AD3d 406, 407 [2005]; Matter of Oak St. Mgt., Inc., 20 AD3d 571 [2005]; Johnson v Incorporated Vil. of Freeport, 288 AD2d 269 [2001]). The law of the case doctrine forecloses re-examination of a question previously determined by an appellate court in the same action, “ 'absent a showing of subsequent evidence or change of
law’ ” (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809, quoting Matter of Yeampierre v Gutman, 57 AD2d 898, 899 [1977]; see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 94 AD3d 997 [2012]), or “extraordinary circumstances . . . warrant [ing] a departure from the law of the case” (Carole A. v City of New York, 169 AD2d 800, 801 [1991]; see Quinn v Hillside Dev. Corp., 21 AD3d at 407). Here, the property owners did not show that such circumstances exist. Florio, J.P., Balkin, Hall and Miller, JJ., concur.