Matter of Norton v Town of Islip (2018 NY Slip Op 08308)





Matter of Norton v Town of Islip


2018 NY Slip Op 08308


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-09824
 (Index No. 19018/03)

[*1]In the Matter of Howard Norton, appellant, 
v
Town of Islip, et al., respondents-respondents; Erin A. Sidaras, et al., nonparty-respondents.


Twomey, Latham, Shea, Kelley Dubin & Quartararo LLP, Riverhead, NY (Bryan C. Van Cott and Alexandra Halsey-Storch of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson, Jessica Klotz, and Rosa M. Feeney of counsel), for respondents-respondents and nonparty-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 26, 2017. The order granted the motion of the Town of Islip, Patricia Pascuitti, Erin A. Sidaras, and Pierce Fox Cohalan, in effect, to dismiss the proceeding insofar as asserted against Patricia Pascuitti, and, in effect, to deny the petitioner's motion to adjudicate the Town of Islip, Patricia Pascuitti, Erin A. Sidaras, and Pierce Fox Cohalan in contempt of court for failure to comply with a judgment of the same court (Michael F. Mullen, J.) entered January 31, 2006, insofar as that motion sought relief against Patricia Pascuitti, Erin A. Sidaras, and Pierce Fox Cohalan.
ORDERED that the order is reversed, on the law, with costs, and the motion of the Town of Islip, Patricia Pascuitti, Erin A. Sidaras, and Pierce Fox Cohalan, in effect, to dismiss the proceeding insofar as asserted against Patricia Pascuitti and, in effect, to deny the petitioner's motion to adjudicate the Town of Islip, Patricia Pascuitti, Erin A. Sidaras, and Pierce Fox Cohalan in contempt of court for failure to comply with a judgment of the same court (Michael F. Mullen, J.) entered January 31, 2006, insofar as that motion sought relief against Patricia Pascuitti, Erin A. Sidaras, and Pierce Fox Cohalan, is denied.
In July 2003, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the Town of Islip and Patricia Pascuitti, Michelle Remsen, and Richard Hoffman, in their capacity as Town officials, to comply with his requests pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). After this Court determined that denial of the FOIL requests was improper (see Matter of Norton v Town of Islip, 17 AD3d 468), the Supreme Court (Michael F. Mullen, J.), in a judgment entered January 31, 2006, inter alia, directed the production of certain documents. Thereafter, Erin A. Sidaras, who was then an Assistant Town Attorney of counsel to Pierce Fox Cohalan, who was then Town Attorney, provided documents to the petitioner's [*2]attorney. The petitioner was dissatisfied with the response, contending that certain requested documents had not been produced and others had been provided with improper redactions.
Thereafter, the petitioner moved to adjudicate the Town and Pascuitti, Sidaras, and Cohalan (hereinafter collectively the individual movants) in contempt of court for failing to comply with the judgment entered January 31, 2006. The petitioner also sought to impose sanctions and an award of an attorney's fee. The Town and the individual movants cross-moved to impose sanctions upon the petitioner and his attorney for engaging in frivolous conduct. After an in camera review of the Town's records to determine whether they were the subject of the petitioner's FOIL requests, the Supreme Court, in an order dated July 26, 2007, denied the motion and the cross motion, finding that the redactions did not violate the terms of the judgment. On an appeal by the petitioner and cross appeal by the Town and the individual movants, this Court reversed the order and remitted the matter for a hearing to determine whether the Town and the individual movants failed to comply with the judgment entered January 31, 2006, by virtue of "nonproduction of certain documents" (Matter of Norton v Town of Islip, 70 AD3d 833).
Although the contempt hearing was scheduled to take place in 2013, it has still not been held due to, inter alia, proceedings regarding the disqualification of the petitioner's attorney based on the advocate-witness rule (see Matter of Norton v Town of Islip, ___ AD3d___ [Appellate Division Docket No. 2016-05130; decided herewith]). In April 2017, the Town and the individual movants moved, in effect, to dismiss the proceeding insofar as asserted against Pascuitti, and, in effect, to deny the petitioner's motion to hold the Town and the individual movants in contempt of court insofar as that motion sought relief against the individual movants, arguing, among other things, that the petitioner may only seek sanctions against the Town for the alleged contempt. In the order appealed from, the Supreme Court granted the motion. We reverse.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose reexamination of [the] question absent a showing of subsequent evidence or change of law" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [citations and internal quotation marks omitted]; see US Bank, N.A. v Morrison, 160 AD3d 679, 680; Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d 683, 684). On the prior appeal, this Court considered, and rejected, the arguments that Pascuitti was no longer a proper party to this proceeding and that the petitioner could not seek relief against the individual movants in the contempt motion (see generally McCain v Dinkins, 84 NY2d 216, 228-230; Matter of McCormick v Axelrod, 59 NY2d 574, 583). The Town and the individuals movants have failed to make a sufficient showing to warrant reexamination of these issues (see Breidbart v Wiesenthal, 136 AD3d 851, 851-852; Wells Fargo Bank Minn., N.A. v Perez, 70 AD3d 817, 817; Seaman v Wyckoff Hgts. Med. Ctr., Inc., 51 AD3d 1002, 1003). Accordingly, based on the law of the case doctrine, we disagree with the Supreme Court's determination granting the motion (see Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 101 AD3d 1034, 1036; Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 94 AD3d 997, 1000).
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court