**St. Surin v New York Times Co.**

2024 NY Slip Op 30324(U)

January 26, 2024

Supreme Court, Kings County

Docket Number: Index No. 529576/2021

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 26th day of January
2024

HONORABLE FRANCOIS A. RIVER

_____x

BRHONSON LEXIER ST. SURIN,

             Plaintiff,

    -against-

THE NEW YORK TIMES COMPANY, (d/b/a
The New York Times, and NYTimes.com),
JEANNETTE CATSOULIS (personally and in her
professional capacity as Contributor and Movie
Critic for The New York Times),
TAPE PRODUCTIONS, LLC
(d/b/a TapeVirtualPremiere.com),
FULL MOON FILMS NY INC. (d/b/a
TheTapeMovie.com, and FullMoonFilmsNY.com),
DEBORAH KAMPMEIER (personally and in her
professional capacity as Writer, Producer and
Director for Tape),
ANNAROSA F. MUDD (personally and in her
professional capacity as Producer for Tape),
ANSYLCARPENTER (a/k/a William Butler; d/b/a
Limelight Productions, Clutch Films,
ClutchFilms.net),
KAMERON CASEY-HOLLOWAY,
JANE DOE ONE (performs as "Victim #1" and
"Victim #3" in Ansyl Carpenter'sInfamous),
JANE DOE TWO (performs as "Victim #1" and
"Victim #2" in Ansyl Carpenter's Infamous),
JANE DOE THREE (represented as "Victim #3"in
Ansyl Carpenter's Infamous),
JANE DOE FOUR (represented as "Victim #2" in
Ansyl Carpenter's Infamous),
JANE DOE FIVE (heard whispering questions to ask
alleged victims in Ansyl Carpenter's Infamous),
FAIRCHILD LAW, LLC.,

**DECISION & ORDER**

Index No. 529576/2021

[* 1]

STEVEN ROYAL FAIRCHILD (personally and in
his professional capacity as attorney),
NIKKOL IRENE WADE,
AMBER RACHEL NEELY, and
ANNE THERESE GENNARI (née Bengtsson)

Ms. 5, 6, 7 and 8

     Defendants

_____x

  By notice of motion filed on January 15, 2023, and returnable on March 15, 2023, under motion sequence number five, plaintiff Brhonson Lexier St. Surin, seeks an order: (1) pursuant to CPLR 2004, granting plaintiff an extension of time, nunc pro tune, to submit opposition papers against defendants' anti-SLAPP motions to dismiss under motion sequence number two, three and four and (2) granting virtual access to the Court for the purposes of making a virtual appearance remotely.

  By notice of motion filed on February 10, 2023, under motion sequence number six, defendants Steven R. Fairchild, Fairchild Law, LLC, Amber Rachel Neely, Nikkol Irene Wade, Anne Therese Gennari, Full Moon Films NY Inc., Annarosa Mudd, Deborah Kampmeier, Anysl Xavier Carpenter, Tape Productions LLC and Kameron L. Casey-Holloway (hereinafter the moving defendants) have jointly moved for an order pursuant to 22 NYCRR 130-1.1, holding plaintiff liable for reasonable attorneys' fees and costs to compensate for the time required by the moving defendants' counsel to respond to plaintiff's frivolous claims; and to pay sanctions to the Clerk of the Court in light of the same conduct.

  By notice of motion filed on July 19, 2023, under motion sequence number seven, the moving defendants have jointly moved for an order pursuant to Civil Rights Law § 70-a awarding them attorneys' fees, and other compensatory, and punitive damages.

  By notice of cross motion filed on October 23, 2023, under motion sequence number eight, plaintiff moved for an order: (1) pursuant to CPLR 2004 granting plaintiff an extension of time to submit sur-reply/supplemental papers in further opposition to motion sequence number six and seven; (2) granting leave, nunc pro tunc, to file sur-reply/supplemental papers in response to new facts introduced by the defendants, post-dismissal of plaintiff's complaint, during an evidentiary hearing on motion sequence number six and an extension of time to supplement plaintiff's opposition to motion sequence number seven; and (3) conducting a joint fact-finding inquiry on motion sequence number six and seven to resolve any genuine issues of triable fact raised in or about both motions.

## LAW AND APPLICATION

*Plaintiff's Motion Sequence Number Five*

  Plaintiff's motion sequence number five must be denied as untimely and without merit

for the following reason. By notice of motion filed on March 29, 2022, under motion sequence

number two, defendants Steven R. Fairchild and Fairchild Law, LLC jointly moved for an order dismissing Plaintiff's Complaint pursuant to CPLR 3211(a)(5), (a)(7), and (g), and awarding mandatory reasonable fees and costs to defendants under Civil Rights Law § 70-a. Plaintiff failed to timely oppose the motion.

By notice of motion filed on April 14, 2022, under motion sequence number three defendants Steven R. Fairchild, Fairchild Law, LLC, and Tape Productions LLC jointly moved for an order dismissing Plaintiff's Complaint pursuant to CPLR 3211(a)(5), (a)(7), and (g), and awarding mandatory reasonable fees and costs to defendants under Civil Rights Law § 70-a. Plaintiff failed to timely oppose the motion.

By notice of motion filed on August 9, 2022, under motion sequence number four defendants Steven R. Fairchild, Fairchild Law, LLC, Amber Rachel Neely, Nikkol Irene Wade, Anne Therese Gennari, Full Moon Films NY Inc., Annarosa Mudd, Deborah Kampmeier, Anysl Xavier Carpenter, Tape Productions LLC and Kameron L. Casey-Holloway jointly moved for an order dismissing Plaintiff's Complaint pursuant to CPLR 3211(a)(5), (a)(7), and (g), and awarding mandatory reasonable fees and costs to Defendants under Civil Rights Law § 70-a. Plaintiff failed to timely oppose the motion.

On January 11, 2023, the Court scheduled oral argument on motion sequence number two, three and four. By e-mail to the Court on notice to all parties, sent prior to the adjourn date, plaintiff claimed an ankle sprain sustained several months prior prevented him from submitting opposition papers and from appearing in person on January 11, 2023. Plaintiff requested an adjournment and permission to appear virtually. The Court denied both requests as unreasonable. The defendant movants appeared for oral argument, but the plaintiff did not. The Court deemed the motions unopposed.

Page **3** of **8**

[* 3]

By decision and order dated January 20, 2023, the Court granted the respective moving defendants' motions filed under motion sequence number two, three and four, to the extent of dismissing the complaint as asserted against each of them pursuant to CPLR 3211(a)(5) as time barred.

Before determining motion sequence number two, three and four, the Court had already denied plaintiff's prior request for an adjournment and for permission to appear remotely for oral argument on those motion. Motion sequence number five was seeking the same relief for the same meritless basis, that is, an ankle sprain sustained several months prior. Furthermore, the relief was sought by a notice of motion returnable on March 15, 2023, and not by order to show cause with a temporary restraining order. By January 23, 2023, the Court had already rendered a decision on motion sequence two, three and four. Hence, motion sequence number five is denied as untimely and without merit.

By notice of motion filed on February 10, 2023, under motion sequence number six, the moving defendants have jointly moved for an order pursuant to 22 NYCRR 130-1.1, holding plaintiff liable for reasonable attorneys' fees and costs to compensate for the time required by defendants' counsel to respond to plaintiff's frivolous claims; and to pay sanctions to the Clerk of the Court in light of the same conduct.

The Court ordered a hearing on motion sequence six scheduled for August 15, 2023, at 10:00 am. On August 15, 2023, the defendants called certain witnesses to proffer testimony in support of their motions for sanctions. The plaintiff objected to the proceedings and declined to cross examine any of the witnesses proffered by the defendants. After the moving defendants had completed their presentation of witnesses, the plaintiff requested an adjournment to present evidence and witnesses in opposition. The Court granted the application.

On the return date the plaintiff produced no witnesses. Instead, plaintiff requested that all the moving defendants' witnesses who had already testified be directed to reappear for the plaintiff to cross examine them. Plaintiff also attempted to admit his own affidavit into evidence. The Court declined the request to order the defendants' witnesses who testified on August 15, 2023, to be produced for cross- examination. The Court found that the plaintiff has already declined the opportunity to cross examine these witnesses. The Court also declined to admit the plaintiff's affidavit into evidence as it was hearsay.

By decision and order dated January 20, 2023, and filed on February 10, 2023, the Court granted the respective moving defendants' motions filed under motion sequence number two, three and four, to the extent of dismissing the complaint as asserted against each of them pursuant to CPLR 3211(a)(5) as time barred.

The defendants contended that the commencement and continued prosecution of the instant action by the plaintiff was frivolous conduct, particularly because the Court had already dismissed the claims asserted against the New York Times defendants as time barred.

A defendant may waive the affirmative defense that an action is time barred by simply not raising it in an answer or by not making a timely motion to dismiss the complaint on that basis (see CPLR 3211(e)). A plaintiff need not plead the inapplicability of an affirmative defense to plead a viable cause of action. Consequently, it is not frivolous conduct to plead a cause of action that may be time barred because the defendant may waive the affirmative defense. Therefore, plaintiff's commencement and continued prosecution of a time barred complaint is not frivolous conduct within the intendment of 22 NYCRR 130-1.1. Moreover, the moving defendants' other claims of frivolous conduct was either for plaintiff's conduct occurring

[* 5]

outside of the litigation itself or for conduct that did not rise to the level of frivolity worthy of sanctions.

*Moving Defendants' Motion Sequence Number Seven*

By notice of motion filed on July 19, 2023, under motion sequence number seven, the moving defendants have jointly moved for an order pursuant to Civil Rights Law § 70-a awarding them attorneys' fees, and other compensatory, and punitive damages. This relief was previously requested and not decided under motion sequence number two, three and four. The Court deems the instant motion as the moving defendants' attempt to have the Court decide its prior request for this relief.

The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned (*Clark v. Clark*, 117 A.D.3d 668, 669 [2nd Dept 2014]). The law of the case operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law (*J–Mar Serv. Ctr., Inc. v. Mahoney, Connor & Hussey*, 45 A.D.3d 809, 809 [2nd Dept 2009]). The doctrine of law of the case is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided (*Gulf Coast Bank & Tr. Co. v. Virgil Resort Funding Grp., Inc.*, 201 A.D.3d 1086, 1088 {3rd Dept 2022]). Here, the Court had already decided in a mirror image motion made by the New York Times defendant that Civil Rights Law § 70-a was inapplicable to the instant action. The Court's holding is law of the case for the instant action and for this motion.

*Plaintiff's Motion Sequence Number Eight*

By notice of cross motion filed on October 23, 2023, under motion sequence number eight, plaintiff moved for an order: (1) pursuant to CPLR 2004 granting plaintiff an extension of

[* 6]

time to submit sur-reply/supplemental papers in further opposition to motion sequence number six and seven; (2) granting leave, nunc pro tunc, to file sur-reply/supplemental papers in response to new facts introduced by the defendants, post-dismissal of plaintiff's complaint, during an evidentiary hearing on motion sequence number six and an extension of time to supplement plaintiff's opposition to motion sequence number seven; and (3) conducting a joint fact-finding inquiry on motion sequence number six and seven to resolve any genuine issues of triable fact raised in or about both motions.

The instant motion was another attempt by the plaintiff to have the Court direct that all the moving defendants' witnesses who had already testified be directed to reappear for the plaintiff to cross examine them at a new hearing. The plaintiff did not move pursuant to CPLR 2221 to renew or reargue its prior motion when the same relief was denied. Furthermore, the plaintiff did not present any factual or legal basis for granting the relief requested.

**CONCLUSION**

The motion by plaintiff Brhonson Lexier St. Surin for an order pursuant to CPLR 2004 granting plaintiff an extension of time, nunc pro tunc, to submit opposition papers against defendants' anti-SLAPP motions to dismiss under motion sequence number two, three and four and (2) granting virtual access to the Court for the purposes of making a virtual appearance remotely is denied.

The motion by defendants Steven R. Fairchild, Fairchild Law, LLC, Amber Rachel Neely, Nikkol Irene Wade, Anne Therese Gennari, Full Moon Films NY Inc., Annarosa Mudd, Deborah Kampmeier, Anysl Xavier Carpenter, Tape Productions LLC and Kameron L. Casey-Holloway for an order pursuant to 22 NYCRR 130-1.1, holding plaintiff liable for reasonable attorneys' fees and costs to compensate for the time required by the moving defendants' counsel

Page 7 of 8

to respond to plaintiff's frivolous claims; and to pay sanctions to the Clerk of the Court in light of the same conduct is denied.

The motion by defendants Steven R. Fairchild, Fairchild Law, LLC, Amber Rachel Neely, Nikkol Irene Wade, Anne Therese Gennari, Full Moon Films NY Inc., Annarosa Mudd, Deborah Kampmeier, Anysl Xavier Carpenter, Tape Productions LLC and Kameron L. Casey-Holloway for an order pursuant to Civil Rights Law § 70-a awarding them attorneys' fees, and other compensatory, and punitive damages is denied.

The cross motion by plaintiff Brhonson Lexier St. Surin for an order pursuant to CPLR 2004 granting plaintiff an extension of time to submit sur-reply/supplemental papers in further opposition to motion sequence number six and seven; and granting leave, nunc pro tunc, to file sur-reply/supplemental papers in response to new facts introduced by the defendants, post-dismissal of plaintiff's complaint, during an evidentiary hearing on motion sequence number six and an extension of time to supplement plaintiff's opposition to motion sequence number seven; and conducting a joint fact-finding inquiry on motion sequence number six and seven to resolve any genuine issues of triable fact raised in or about both motions is denied.

The foregoing constitutes the decision and order of this Court.

ENTER: _____ x

*Françcois A. Rivera*

J.S.C.

[* 8]