Esposito v Larig (2025 NY Slip Op 04703)

Esposito v Larig

2025 NY Slip Op 04703

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-04843
 (Index No. 517226/16)

[*1]Tina Esposito, respondent-appellant,
v
Sophronia Larig, etc., et al., appellants-respondents.

Wenig Saltiel LLP, New York, NY (Dan M. Blumenthal and Meryl L. Wenig of counsel), for appellants-respondents.
Cornicello, Tendler & Baumel-Cornicello, LLP, New York, NY (Susan Baumel-Cornicello of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, for ejectment and to recover damages for use and occupancy, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated April 29, 2022. The order, insofar as appealed from, after a hearing upon stipulated facts, determined that the amount of prospective use and occupancy pendente lite to be paid by the defendants to the plaintiff is $2,490 per month and directed the defendants to post an undertaking in the sum of $346,110 for past use and occupancy of the subject apartment. The order, insofar as cross-appealed from, after the hearing upon stipulated facts, directed the defendants to post an undertaking in the sum of only $346,110 for past use and occupancy of the subject apartment.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.
The underlying facts of this appeal are summarized in a related appeal (see Esposito v Larig, _____ AD3d _____ [Appellate Division Docket No. 2023-02440; decided herewith]).
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; see Matter of Norton v Town of Islip, 167 AD3d 624, 626). "[T]he 'law of the case' operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809 [internal quotation marks omitted]; see Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253).
On a prior appeal, this Court considered and rejected the defendants' contention that the Rent Stabilization Law prohibits the collection of rent absent the plaintiff's registration of the legal regulated rent with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) (see Esposito v Larig, 174 AD3d 574, 576). This Court's determination of that issue on the prior appeal constituted the law of the case, which was binding upon the Supreme Court, "and is binding upon this [C]ourt in the absence of a showing of extraordinary circumstances" [*2](Vanguard Tours v Town of Yorktown, 102 AD2d 868, 868; see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809-810). The defendants have not made a sufficient showing to warrant reexamination of that issue (see Matter of Norton v Town of Islip, 167 AD3d at 626).
Upon remittitur from this Court, upon the parties' consent, the Supreme Court properly referred the matter to a referee to hear and determine the issues of the amount of prospective use and occupancy pendente lite to be paid by the defendants to the plaintiff and the amount of an undertaking to be posted by the defendant for past use and occupancy of the apartment. Furthermore, the referee properly determined that the amount of the undertaking should include any past use and occupancy for the period beginning October 1, 2010, during which the defendants paid no rent or use and occupancy, at a rate of $2,490 per month, which was the legal regulated rent set by the DHCR. The referee, in reliance upon a stipulation by the parties as to the pertinent facts, properly took into account the defendants' potential liability for past use and occupancy of the apartment (see Oxford Towers Co., LLC v Wagner, 58 AD3d 422, 423; Wasserman v Gordon, 24 AD3d 201, 202-203).
Contrary to the plaintiff's contention, in determining the amount of the undertaking to be posted by the defendants for past use and occupancy of the apartment, the referee properly declined to include therein the plaintiff's claim for an award of legal fees and costs pursuant to the parties' original lease (see Esposito v Larig, _____ AD3d _____ [Appellate Division Docket No. 2023-02440; decided herewith]).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court