U.S. Bank, N.A. v Mandracchia (2025 NY Slip Op 51525(U))

[*1]

U.S. Bank, N.A. v Mandracchia

2025 NY Slip Op 51525(U)

Decided on September 25, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Supreme Court, Westchester County

U.S. Bank, National Association AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF14, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF14, Plaintiff,

against
John Mandracchia a/k/a JOHN J. MANDRACCHIA, a/k/a JOHN DEFILLIPO a/k/a JOHN DEFILIPPO, BETTINA MANDRACCHIA a/k/a BETTINA DEFILLIPO, a/k/a BETTINA DEFILIPPO, et. al, Defendants.

Index No. 68676/14

Hinshaw & Culbertson LLP 
Attorneys for Plaintiff
800 Third Avenue, 13th Floor 
New York, New York 10022
Clair Gjertsen et al.
Attorneys for Defendant John Mandracchia
4 New King Street, Suite 140
White Plains, NY 10604

Linda S. Jamieson, J.

The following papers numbered 1 to 6 were read on these motions:
Paper Number
Notice of Motion, Affirmations and Exhibits 1
Memorandum of Law 2
Notice of Cross-Motion, Affidavit, Affirmation and Exhibits 3
Affirmation and Exhibits in Opposition and in Reply 4
Memorandum of Law in Opposition and in Reply 5
Affirmation and Exhibits in Reply 6
There are two motions before the Court. The first, filed by plaintiff, seeks (1) summary judgment in its favor; (2) to strike and dismiss defendant John Mandracchia's answer and counterclaims with prejudice; (3) a default judgment against defendants Household Finance [*2]Realty Corporation of New York, Midland Funding LLC, John Mandracchia Jr., Jason Pineda and Claudia Rangel (the "other defendants"); and (4) an order appointing a referee to compute. The second motion, filed by John Mandracchia ("John"), seeks summary judgment in his favor and to quiet title pursuant to RPAPL Article 15.
The facts in this case are long and complicated. The Second Department recited some of the relevant facts in its Decision and Order dated November 25, 2020 (the "Appellate Decision"). The Appellate Division held that "On July 21, 2006, John executed a note in the amount of $554,000 in favor of First Franklin, a Division of National City Bank of IN. . . . . After the note and mortgage were transferred to the plaintiff, the plaintiff accelerated the mortgage debt by commencing a foreclosure action on September 21, 2007 (hereinafter the prior action), after John defaulted on the monthly payments in April 2007. John signed a forbearance agreement dated April 29, 2009, in which he admitted the default and agreed to make payments. The parties in the prior action, including Bettina, entered into a stipulation dated May 11, 2009, which indicated that the plaintiff would 'withdraw the action at the end of the term of the forbearance Agreement.' It is undisputed that John made the required payments." (Emphasis added).
Indeed, it has long been settled that John entered into a forbearance agreement back in 2009 and made payments pursuant thereto. Specifically, in January 2011, in the first foreclosure action, John and Bettina filed a motion seeking to compel compliance with the 2009 forbearance agreement. Thereafter, in July 2012, Justice Colabella held in a Decision and Order that "It is undisputed that defendants paid the amounts required under the forbearance agreement." 
Eventually, in October 2014, plaintiff commenced this foreclosure action.[FN1]
According to the Appellate Decision, although Bettina filed an answer raising affirmative defenses that her interest in the property was not subject to the mortgage, and that the action was time-barred, "John defaulted in appearing or answering." The Appellate Division reversed this Court on the issue regarding Bettina's interests in the property, finding that plaintiff had not established its prima facie case on whether "Bettina's interest in the property was subject to the mortgage based upon her signature." 
The Appellate Division did not reverse on the statute of limitations issue, however, holding that "On the statute of limitations issue, the mortgage debt was accelerated in 2007, which started the statute of limitations running on the entire debt. However, in 2009, John acknowledged the debt and made payments, which, under the circumstances of this case, extended the statute of limitations. "'General Obligations Law § 17-101 effectively revives a [*3]time-barred claim when the debtor has signed a writing which validly acknowledges the debt'" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947, quoting Lynford v Willams, 34 AD3d 761, 762; cf. Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054). Since the instant mortgage foreclosure action was commenced within six years of the acknowledgment, it is not time-barred." (Emphasis added).
As a result of the Appellate Decision, plaintiff sought to amend the complaint to add two causes of action against Bettina, one for an equitable lien and the other for equitable subrogation. The Court allowed the amendment, holding that "There is no question that in this case, defendants had notice of the transactions and occurrences to be proved pursuant to the amended pleading." In response to this amended complaint, John filed an answer for the first time. In his answer, he stated that that the statute of limitations barred the action, and that "I never made payments under the forbearance agreements because at the time of alleged payments I was incarcerated." 
In January 2025, John stated in an affidavit submitted on a prior motion that "I did agree to the forbearance modification play [sic] (NYSCEF Doc. No. 95) and the Trial Period Plan (NYSCEF Doc. No. 77)." However, he disavowed this statement in his affidavit submitted on this motion dated June 2025, stating that "I recall entering into two agreements in an effort to get current on this loan during the prior foreclosure action. In my prior affidavit (NYSCEF Doc. No. 388) I mistakenly acknowledged the wrong two agreements. Now after reviewing all five agreements that were annexed to the Affidavit of Patrick Pittman as Exhibits I, J, K, L and M (NYSCEF Doc. No. 426 - 430) it is clear that that two agreements that I entered into are the repayment plan with First Franklin dated March 18, 2008 (Exhibit I, NYSCEF Doc. No. 426) and the Forbearance Agreement dated October 26, 2008 (Exhibit J NYSCEF Doc. No. 427). The signatures on the other three agreements (Exhibits K, L, and M NYSCEF Doc. No. 428-430) are clearly not my signature. Furthermore, all three of these agreements claim to be signed while I was in jail. I was in custody from January 21, 2009, to August 11, 2010, with the Westchester County Department of Correction in Valhalla and did not sign any documents while I was there. . . . I made payments towards the plans prior to my arrest. However, I did not make any payments while I was in Valhalla or upstate." John does not address the statement made by the housing counselor that he had given Bettina his power of attorney, nor the document that the counselor attached. Nor does he address the findings of both Justice Colabella and the Appellate Division that he made payments pursuant to the forbearance agreement.
On its motion, plaintiff establishes its prima facie showing of entitlement to summary judgment, by demonstrating that John executed the loan documents, defaulted by failing to make the payment due on August 1, 2008 and failed to cure that default. Plaintiff addresses the amended complaint, stating that "Although Plaintiff amended the pleadings — which added two equitable causes of action — the initial cause of action to foreclose upon the mortgage loan remained the same and most of the issues have already been judicially determined."
John finds fault with plaintiff's argument. He states that the action must be dismissed because it is untimely. His counsel states that "there are real questions of fact as to whether the agreements dated in 2009 and 2010 were in fact signed by Mr. Mandracchia. Regardless of their validity, none of the agreements deaccelerated the loan and allowed Defendant to resume making regular monthly payments." John further argues that "[w]hile it is conceded that" the issue of the statute of limitations "was argued in the prior motions on the original complaint, once the amended complaint was accepted, it superseded the original complaint and Defendant [*4]Mandracchia filed his answer and counterclaims." John further asserts that "the law has also changed since that ruling occurred and since the appeal. The appeal determined statute of limitations [sic] based on General Obligations Law § 17-101. The Foreclosure Abuse and Prevention Act which was passed in 2022 amended General Obligations Law §17-101 so that it no longer applies to an action for the recovery of real property and also amended General Obligations Law §17-105 which applies to actions for the recovery of real property." John concludes that "since the amended complaint was filed, and Plaintiff has not obtained judgment on the amended complaint, reargument is not necessary and the appellate ruling is no longer valid due to the change the in the law."
The Court disagrees. The fact that the complaint was amended to add two equitable claims against Bettina does not change the fact that the Appellate Division already determined that the action was timely. John has cited no law to support his view that by amending the complaint to assert unrelated equitable claims against another (now former) party, the Appellate Decision has been nullified. 
Instead, the Court finds that this Court is bound by the Appellate Decision. "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court. The law of the case doctrine forecloses re-examination of a question previously determined by an appellate court in the same action, absent a showing of subsequent evidence or change of law, or extraordinary circumstances warranting a departure from the law of the case." 24 Franklin Ave. R.E. Corp. v. Heaship, 101 AD3d 1034, 1036, 956 N.Y.S.2d 186, 189 (2d Dept. 2012). John has not shown any change of the law, extraordinary circumstances or subsequent evidence that warrants a departure from the law of the case. 
While John claims that the General Obligations Law has changed, he misreads the law to focus only on waivers, arguing that "none of the agreements reset [sic] the statute of limitations. None of the agreements specifically waived the statute of limitations and Plaintiff has pointed to no language in these agreements which did reset the statute of limitations." But a review of General Obligations Law § 17-105 shows that it does not apply only to waivers. Instead, it also covers a situation where, as here, a party has promised to pay a mortgage debt (as the Appellate Decision held): "A waiver of the expiration of the time limited for commencement of an action to foreclose a mortgage of real property . . . or a promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage and made, either with or without consideration, by the express terms of a writing signed by the party to be charged is effective, subject to any conditions expressed in the writing, to make the time limited for commencement of the action run from the date of the waiver or promise." (Emphasis added). The Court thus finds that there has not been any substantial change in the law such that the law of the case does not apply to the findings of the Appellate Division as to the statute of limitations.
The Court notes that "the doctrine of law of the case contemplates that the parties had a full and fair opportunity to litigate when the initial determination was made." Chanice v. Fed. Exp. Corp., 118 AD3d 634, 635, 989 N.Y.S.2d 468, 469 (1st Dept. 2014). In this case, the parties did have a full and fair opportunity to litigate the issue of the statute of limitations; John just chose to ignore this opportunity when he repeatedly defaulted, despite Bettina having been represented by counsel and having raised the timeliness issue.
To the extent that John contends that plaintiff's representatives are inadequate to substantiate the facts, the Court rejects this contention. Plaintiff has presented the Court with [*5]adequate evidence that the witnesses have the authority and substantial familiarity with the relevant documents, systems and processes to demonstrate that plaintiff complied with the procedural requirements in this matter, including the requirements of RPAPL § 1304.
None of John's other arguments have any merit. The Court denies his motion in its entirety, and grants plaintiff's motion in its entirety, including the default against the other defendants. The Court will execute the proposed Order as
modified.
The foregoing constitutes the decision and order of the Court.[FN2]

Dated: September 25, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:In October 2015, a non-party housing counselor submitted an affidavit to the Court on Bettina's behalf, explaining the history of the forbearance agreement and other agreements. This document is filed in this action as NYSCEF document 76. The housing counselor stated in the affidavit that they began working with John and Bettina on a modification in April 2009. The counselor stated that John executed a Power of Attorney in Bettina's favor for purposes of the forbearance agreement (and attached the document). The counselor stated that not only did John make the payments under the April 2009 forbearance agreement but that he also made payments under an August 19, 2009 Trial Period Plan as well as a February 1, 2010 second Trial Payment Plan.

Footnote 2:All other arguments raised, and all materials submitted by the parties in connection therewith, have been considered by this Court, notwithstanding the specific absence of reference thereto.